## JEFFERSON v. STOCKHOLDERS PUB. CO., Inc.

### No. 12879.

United States Court of Appeals
Ninth Circuit.

Jan. 18, 1952.

Rehearing Denied Feb. 19, 1952.

Clyde Thomas, Los Angeles, Cal., for appellant.

Binford & Binford, Los Angeles, Cal., for appellee.

Before MATHEWS, STEPHENS and ORR, Circuit Judges.

MATHEWS, Circuit Judge.

In the United States District Court for the Southern District of California, appellant, James Monroe Jefferson, a citizen of California, commenced an action for libel against appellee, Stockholders Publishing Company, Inc., a Nevada corporation, thereby seeking to recover of appellee damages in the sum of $200,000. Appellant commenced the action by filing a complaint on January 12, 1950. The clerk of the District Court did not issue a summons forthwith, as required by Rule 4(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A.[1] He did, however, issue a summons on August 22, 1950. The summons was served on appellee on or before August 30, 1950. Thereafter appellee moved to dismiss the action, and the District Court, after hearing the motion, entered a judgment, entitled "Order of dismissal," ordering, adjudging and decreeing that the action be dismissed, and that appellee re-

cover of appellant $100 as attorneys' fees. This appeal is from that judgment.

The stated grounds of the judgment were that appellant had failed to comply with Rule 4(a); that therefore the action should be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure;[2] and that, appellant having failed to comply with Rule 4(a), the District Court had no jurisdiction over appellee.

There was, indeed, a failure to comply with Rule 4(a), namely, the clerk's failure to issue a summons forthwith upon the filing of the complaint. This being an action for libel and no undertaking for the payment of costs having been filed with the complaint,[3] the clerk appears to have assumed that compliance with Rule 4(a) was precluded by § 1 of Act 4317 of Deering's General Laws of California.[4] The assumption was incorrect. Section 1 relates to State court actions, not to Federal court actions. In the Federal courts, compliance with Rule 4(a) is required in all civil actions, including actions for libel.

However, the clerk's failure to comply with Rule 4(a) was not attributable to appellant, did not deprive the District Court of jurisdiction and did not warrant dismissal of the action.

Judgment reversed.

1. Rule 4(a) provides: "Upon the filing of the complaint the clerk shall forthwith issue a summons and deliver it for service to the marshal or to a person specially appointed to serve it. * * *"

2. Rule 41(b) provides: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. * * *"

3. An undertaking for the payment of costs was filed on August 22, 1950—seven months and ten days after the filing of the complaint—and a summons was thereupon issued on August 22, 1950.

4. Section 1 provides: "In an action for libel or slander the clerk shall, before issuing the summons therein, require a written undertaking on the part of the plaintiff in the sum of five hundred (500) dollars, with at least two competent and sufficient sureties, specifying their occupations and residences, to the effect that if the action be dismissed or the defendant recover judgment, that they will pay such costs and charges as may be awarded against the plaintiff by judgment or in the progress of the action, or on an appeal, not exceeding the sum specified in the undertaking. An action brought without filing the undertaking required shall be dismissed."