Arra Ray MESSENGER, Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.

No. 201, Docket 23269.

United States Court of Appeals Second Circuit.

Argued Jan. 19, 1956.

Decided March 16, 1956.

Jacob Rassner, New York City (Harvey Goldstein, New York City, of counsel), for plaintiff-appellant.

Warren E. Burger, Asst. Atty. Gen., Leonard P. Moore, U. S. Atty. for Eastern Dist. of New York, Brooklyn, N. Y., Melvin Richter and Lester S. Jayson, Attys., Dept. of Justice, Washington, D. C., for defendant-appellee.

Before MEDINA, HINCKS and WATERMAN, Circuit Judges.

MEDINA, Circuit Judge.

This claim against the United States is asserted under the Torts Claim Act, 28 U.S.C. §§ 1346, 2401, 2671 et seq. It arises out of injuries sustained on May 11, 1948 and was barred in May, 1950 by the two-year statute of limitations. The complaint was filed on December 22, 1948. Although there is no record entry of any service of process upon the United States, it was later asserted without contradiction, and we take it to be the fact, that service of the summons and complaint was made upon the United States Attorney for the Eastern District of New York. But no service upon the Attorney General by registered mail, as required by Rule 4(d) (4), Fed.Rules Civ.Proc. 28 U.S.C., has ever been made. On May 21, 1953, the defendant moved to dismiss on the ground that the court had no jurisdiction over it and on the further ground that there was a lack of diligent prosecution warranting dismissal under Rule 41(b). The motion was granted, and plaintiff appeals.

The only excuse proffered on plaintiff's behalf was the statement of his counsel that the matter had been "overlooked," and that the failure to make the service required by Rule 4(d) (4) was an "oversight." By reason of this delay of upwards of four years plaintiff claims that the defendant "has waived this defense of lack of jurisdiction." The basis for this assertion is not clear. For the defendant never served any notice of appearance or pleading and, although certain proceedings preliminary to trial were taken by the plaintiff and another

defendant, who is not a party to this appeal, the appellee was not notified of nor did it participate in them. We shall, however, assume *arguendo* that, as contended on plaintiff's behalf, there has been no abandonment of the action as against the appellee.

▇ Rule 3 clearly provides "A civil action is commenced by filing a complaint with the court." When the rules were being formulated and preliminary drafts were circulated and debated by the bench and bar throughout the country, it was at first proposed that the action should abate unless personal jurisdiction by service of process was acquired within 60 days. An alternative proposal was that the action should abate for failure to serve process within 60 days "unless within that period the court for good cause shown extends the time for service." See Preliminary Draft of Rules of Civil Procedure (May, 1936). In the end, however, no time was specified for the service of process, the Advisory Committee noting that the motion sanctioned by Rule 41(b) provided "a method available to attack unreasonable delay in prosecuting an action after it has been commenced." See Report of the Advisory Committee Containing Proposed Rules of Civil Procedure, p. 4 (April, 1937). After the adoption of the Rules, some of the District Courts adopted rules providing that actions should abate unless service be completed within a specified time after filing the complaint. Cf. Koster v. (American) Lumbermens Mut. Casualty Co., 2 Cir., 153 F.2d 888. But in Hackner v. Guaranty Trust Co. of New York, 2 Cir., 117 F.2d 95, 96, we questioned the validity of such rules. That question it is not necessary now to decide since no such rule has been invoked in this case. However, the cases just cited hold that after the filing of the complaint, the action remains pending in an inchoate state until service is completed unless and until the action is dismissed for failure to prosecute under Rule 41(b). The same holding is implicit in Munro v. United States, 303 U.S. 36, 58 S.Ct. 421, 82 L.Ed. 633, and Bates

Mfg. Co. v. United States, 303 U.S. 567, 58 S.Ct. 694, 82 L.Ed. 1020.

Rule 4(d) (4) requires that service on the United States shall be made "by delivering a copy of the summons and of the complaint to the United States attorney * * * and by sending a copy of the summons and of the complaint by registered mail to the Attorney General of the United States at Washington." The main question presented in this appeal is whether the requirement of a mailing to the Attorney General is directory only, with the result that effective service can be accomplished by compliance only with the requirement of a delivery of the copy to the United States Attorney.

■■ We hold that both the delivery to the United States Attorney and the mailing to the Attorney General are mandatory requirements. There is nothing in the language of the Rule or its history to suggest otherwise. Nor do we think there is any intimation to the contrary in Rule 12(a) which the appellant invokes. To be sure, it is there provided that "The United States or any officer or agency thereof shall serve an answer to the complaint * * * within 60 days after the service upon the United States attorney * * *." Taken out of context, this requirement might seem to import that since the time for answer is made to run from the time of delivery to the United States Attorney, effective service was accomplished by that delivery irrespective of noncompliance with the companion requirement of a mailing to the Attorney General. But such an implication is not warranted. Since the delivery and the mailing required by Rule 4(d) (4) will normally be accomplished on different days, the selection of the date of delivery as the date fixing the time to answer imported not that mailing also was not mandatory but only that of the two dates, which normally would be separated only by a day or two, the date of delivery was considered a more appropriate measuring post—perhaps because the bilateral transaction involved in a deliv-

ery was more reliable than a wholly unilateral act such as a mailing.

Although there seem to be no cases directly adjudicating the mandatory nature of the mailing required by Rule 4(d) (4), we had occasion to consider a similar provision of the Suits in Admiralty Act, 46 U.S.C.A. § 742, whereby it was required that "the libelant shall * * * serve a copy of his libel on the United States attorney * * * and mail a copy thereof by registered mail to the Attorney General * * *." In Schnell v. United States, 2 Cir., 166 F.2d 479, 483, we held that the mailing to the Attorney General could not "be dispensed with as purely formal." The reasoning of that decision is equally applicable to the parallel problem inherent in Rule 4 (d) (4). Moreover, long before the promulgation of the Federal Rules, the Tucker Act provided for a similar twofold service on the United States. None of the cases adjudicated under the Tucker Act suggested that the required mailing to the Attorney General might be dispensed with. And it may further be noted that the Report of Proposed Amendments to the Rules of Civil Procedure prepared by the Advisory Committee in October, 1955, not only retains Rule 4(d) (4), but also requires that "two copies" of the summons and complaint be served on the United States Attorney and "by either sending two copies of the summons and complaint by registered mail to the Attorney General of the United States at Washington, District of Columbia, or delivering them to the Attorney General or to an official of the Department of Justice designated by the Attorney General in writing filed with the Clerk of the United States District Court for the District of Columbia."

■ Holding, as we do, that service on the United States was never accomplished, clearly the court below was warranted in dismissing for failure to prosecute under Rule 41(b). For some six years there has been a complete lack of any prosecutory effort; not even service

of the action has been accomplished. Under Rule 41(b), a motion to dismiss may be granted for lack of reasonable diligence in prosecuting. Hackner v. Guaranty Trust Co. of New York, supra; Salmon v. City of Stuart, 5 Cir., 194 F.2d 1004; Shotkin v. Westinghouse Electric & Mfg. Co., 10 Cir., 169 F.2d 825; Partridge v. St. Louis Joint Stock Land Bank, 8 Cir., 130 F.2d 281; Hicks v. Bekins Moving & Storage Co., 9 Cir., 115 F.2d 406. The operative condition of the Rule is lack of due diligence on the part of the plaintiff—not a showing by the defendant that it will be prejudiced by denial of its motion. Hicks v. Bekins Moving & Storage Co., supra. It may well be that the latter factor may be considered by the court, especially in cases of moderate or excusable neglect, in the formulation of its discretionary ruling. But under the circumstances of this case it would have been a gross abuse of discretion to make a finding of excusable neglect nor would such a finding be of avail to plaintiff in the absence of service upon the Attorney General.

█ In the brief filed on plaintiff's behalf is a request that plaintiff be permitted to make service upon the Attorney General in accordance with Rule 4 (d) (4), *nunc pro tunc*. But there is no authority in the rules for any such direction; nor are we aware of any authority permitting the service of process *nunc pro tunc*, under any circumstances. The rules do prescribe and permit a prescribed procedure which, if followed by plaintiff, will give the court the power to adjudicate the claim asserted by the plaintiff against the defendant. If the prescribed procedure is followed, jurisdiction over the person of the defendant and over the subject matter of the action may follow; otherwise the court has no power to act. As the District Court had no jurisdiction over the person of the defendant, United States of America, it had no authority to make an order permitting service *nunc pro tunc*, nor have we.

Affirmed.

HINCKS, Circuit Judge (concurring).

I fully concur in the conclusion of my brothers that the service made on the United States Attorney without mailing a copy of the summons and of the complaint to the Attorney General, as required by F.R.C.P. 4(d) (4), was insufficient to give the court below personal jurisdiction over the United States.

Prior to the Federal Rules of Civil Procedure, under the Conformity Act the federal courts issued process and caused it to be served in accordance with the practice of the state in which the several federal courts sat. Since the United States was generally immune from suit, there was naturally no general federal statute prescribing how service on the United States should be made. Consequently, when statutes were enacted which carried consent to suit in specified classes of cases, the consent to suit thereby conferred, to be made effective, required authority to serve the United States. This authority could come only from Congress and prior to the Federal Rules of Civil Procedure seems never to have been consolidated into any federal statute of general application. Instead, it was incorporated in each successive federal statute which extended the consent to be sued to an additional class of cases.

Thus as my brothers have noted, the Suits in Admiralty Act, 46 U.S.C.A. § 742, long before the adoption of the Federal Rules of Civil Procedure, required that in cases of a libel *in personam* the libelant "shall" serve the libel on the United States attorney *and* mail a copy thereof to the Attorney General. The Tucker Act, March 3, 1887, 24 Stat. 505, in Section 6, provided that upon filing his petition the "plaintiff shall cause a copy of his petition * * * to be served upon the district attorney * * * and shall mail a copy of the same, by registered letter, to the Attorney-General of the United States, and shall thereupon cause to be filed with the clerk of the court * * * an affidavit of such service and the mailing of such letter. It

shall be the duty of the district attorney upon whom service of petition is made as aforesaid to appear and defend the interests of the Government in the suit, and within sixty days after the service of petition upon him * * * to file a plea." See also 28 U.S.C.A. § 2410(b).

Since the consent to suit carried by these statutes would necessarily have been inoperative in the absence of authority to serve the United States, the authority to serve was given, and its manner was prescribed, in each such statute. The result was that compliance with the statutory requirement as to service was a condition upon which the United States consented to be sued. We so held as to the Suits in Admiralty Act in Schnell v. United States, 2 Cir., 166 F.2d 479, as my brothers have noted.

Construing the almost uniform nature of the requirement of service in these statutes against the background of the law as it existed at the time of their successive enactments, there was no basis for surmise that direct notice of the pendency of suit to the Attorney General was considered as superfluous or indeed any less essential than service on the district attorney. At the time these statutes were enacted, there were also in effect statutes now substantially covered by 5 U.S.C.A. § 309 and 28 U.S.C.A. § 507, whereby the Attorney General or any officer of the Department of Justice was empowered to "conduct and argue any case in which the government is interested, in any court of the United States * * *," 16 Stat. 163, and the Attorney General was vested with the responsibility of "supervision of the conduct and proceedings of the various attorneys for the United States in the respective judicial districts, who shall make report to him of their proceedings * * *." 16 Stat. 164. In the light of the responsibilities thus devolving upon the Attorney General and the district attorneys, it seems apparent that Congress had good reason to believe that the public interest imperatively required that prompt and direct notice should be given both to the Attorney General and the district attorneys of the pendency of all suits which could be brought against the United States. Otherwise, decisions for the Attorney General alone, who was charged with the ultimate responsibility of supervising and directing the defense, would be dependent upon such notices as busy district attorneys, then appointed on a part time basis, might pass on to him. This reason for the requirement was suggested in Schnell v. United States, supra. And as there observed, there is no need to deduce the precise reason which led Congress to make the requirement. For in each of these statutes the requirement of service on the district attorney and the mailing to the Attorney General was prescribed in language which was unmistakably conjunctive and mandatory.

It is true that these several statutory provisions for service on the United States have now been consolidated into Rule 4(d) (4) of the Rules of Civil Procedure which has been given application to suits under all the statutes which authorize suits against the United States, in the absence of other statutory requirements. But since this Rule follows the earlier statutory requirements, which it superseded, in almost identical language and since the Rules generally were not intended to enlarge the substantive jurisdiction of the federal courts, I think that compliance with its two-fold requirement of service is a condition upon which the Government's consent to be sued depends.

It does not follow, however, that without jurisdiction to make a binding adjudication against the United States on the merits, the court lacks incipient jurisdiction to rule upon the "defenses" of "insufficiency of process" or of "insufficiency of service of process" under Rule 12(b) (4) and (5). And when such a defense has been sustained, the lack of personal jurisdiction over the United States does not in every case require a dismissal. The immediate effect of such a ruling, I think, is to leave the action pending in an incipient state, just as it was during the period intervening be-

tween the filing of the complaint and the attempted service made on the original summons. In such a situation, I think that in a proper case the court on motion has discretion to authorize the issue of a fresh summons through which by service in accordance with the Rules its jurisdiction over the defendant may be perfected. It has been so held in cases in which the named defendant was a private party. Jefferson v. Stockholders Pub. Co., 9 Cir., 194 F.2d 281. I think the court has the same power when the United States is the defendant. In authorizing the issue of fresh process, the court is not dispensing with a condition to suit against the United States: it is merely giving the plaintiff opportunity to satisfy the prescribed condition. In a proper case such action is required to relieve a diligent plaintiff from the negligence or oversight of the marshal. Consequently, even though the court below could properly have quashed the service I think that its dismissal of the action on jurisdictional grounds was erroneous.

I concur in the result, however, because I think the situation required a dismissal on the alternative ground of the government's motion, viz., a failure to prosecute under Rule 41(b). For the marshal's return as filed on January 5, 1949 showed that he had made no service on the United States. Although it is admitted that the plaintiff himself had served the district attorney on December 23, 1948, even the plaintiff does not claim to have complied with Rule 4(d) (4) by himself mailing the required copies to the Attorney General. In that situation I think the plaintiff was chargeable with knowledge that the Rule had not been complied with and that due diligence required plaintiff to move for the issue of fresh process with reasonable promptitude after the filing of the marshal's return. The language of Rule 4(d) (4) was mandatory and explicit. This the plaintiff recognized when he caused service to be made on the district attorney. The language requiring the mailing was equally mandatory and explicit and the plaintiff points to no case which by holding to the contrary had misled him. It results that his failure to move for fresh process may not reasonably be attributed to a bona fide mistake of law. Since he was not entitled to proceed with the prosecution of his action until he had caused the defendant to be brought into the jurisdiction of the court, and since his failure so to do continued to the very time that he was faced with a motion of dismissal, I think dismissal was imperatively required under Rule 41(b). On that ground I concur in the affirmance of the order below.