355 F.2d 201
 William L. TAUB, Plaintiff-Appellant,
v.
Randolph HALE (also known as Randolph Hale-Alcazar Theatre),
United StatesMarshals, Albert B. Gins and Melvin
J. Katz, and all other Attorneys and
Agentsfor Randolph Hale,
Defendants-Appellees.
 No. 203, Docket 29766.
 United States Court of Appeals Second Circuit.
 Argued Jan. 5, 1966.
Decided Jan. 14, 1966.
 
 William L. Taub, pro se, and H. Hugo Perez, Washington, D.C., for plaintiff-appellant.
 Melvin J. Katz, New York City (Albert B. Gins, and Marvin L. Levitt, New York City, on the brief), for defendants-appellees.
 Before MOORE, SMITH and ANDERSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 The defendant, Hale, on August 18, 1960 obtained a judgment by default, in the amount of $30,680.59, against the present plaintiff, Taub, in an action in the Northern District of California. On May 29, 1961 that judgment was registered in the Southern District of New York, and in February, 1962, supplementary proceedings were commenced there for the purpose of collecting the judgment. In October, 1963, a civil commitment order was issued, and on December 9, 1963, Taub commenced the present suit to set aside the California judgment as having been obtained by fraud and deceit. This action by Taub temporarily delayed the commitment order but Judge Weinfeld eventually directed the Marshal to proceed, and the debtor was committed to jail.[1] Meanwhile, Taub took no further action in Taub v. Hale, prior to this appeal, and none of the named parties has ever been served. By order dated May 21, 1965 Judge Palmieri dismissed the action, with prejudice, against Hale, pursuant to F.R.Civ.P. 41(b). It is from this order that Taub appeals. We affirm.
 
 
 2
 Under that Rule and the inherent power of a court to dismiss for failure to prosecute, a district judge may, sua sponte, and without notice to the parties, dismiss a complaint for want of prosecution, and such dismissal is largely a matter of the judge's discretion. See, Link v. Wabash R. Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); 5 Moore, Federal Practice P41.11(2) at 1114-1115 (2d ed. 1964); Zielinski v. United States, 120 F.2d 792 (2d Cir. 1941).
 
 
 3
 It seems plain that the Taub v. Hale suit was brought only to confuse and delay the proceedings in the Hale v. Taub litigation and to prevent Hale from satisfying his judgment in that action. There was also a long and unnecessary delay in service which would, in itself, be adequate grounds for dismissal, Messenger v. United States, 231 F.2d 328 (2d Cir. 1956); 5 Moore, Federal Practice P41.11(2) at 1124 (2d ed. 1964), absent factors which would afford justification or excuse. Cf. 2 Moore, Federal Practice P4.06-1, at 981 (2d ed. 1965).
 
 
 4
 The district judge did not abuse his discretion. The order appealed from is affirmed.
 
 
 
 [1]
 On December 10, 1963, Judge Weinfeld vacated his order of the previous day because Taub had obviously concealed 'material facts.' The Marshal effected the arrest pursuant to the commitment order issued by Judge Palmieri on October 8, 1963, from which Taub had already on three separate occasions unsuccessfully applied to this court for a stay order