**Pamela FELDER et al., Plaintiffs,**

**v.**

**Joseph DALEY et al., Defendants.**

**No. 73 Civ. 5037 (CMM).**

United States District Court,
S. D. New York.

Nov. 28, 1975.

Levy, Gutman, Goldberg & Kaplan, New York City, for plaintiffs; Eugene N. Harley, New York City, of counsel.

Thos. J. Cahill, U. S. Atty., for defendant William Biss, New York City, Patrick H. Barth, Asst. U. S. Atty., of counsel.

METZNER, District Judge:

Defendant Biss, a federal law enforcement officer, moves to dismiss the complaint against him. The other three defendants in this action are New York City policemen. All are accused of violating the civil rights of the six plaintiffs during an alleged illegal entry into their apartment on September 26, 1972.

The complaint in this action was not filed until November 27, 1973, more than one year after the incident. Defendant Biss was not served until October 2, 1975. He claims that the cause of action asserted against him is barred by a one-year statute of limitations. He also contends that the complaint should be dismissed because of plaintiffs' delay in serving the summons and complaint and their failure to prosecute.

An action brought pursuant to 42 U.S.C. § 1983 does not lie against federal officers. *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 456 F.2d 1339, 1346 (2d Cir. 1972); *LaRouche v. City of New York*, 369 F.Supp. 565 (S.D.N.Y.1974). The cause of action asserted against defendant Biss is that derived from the Constitution and defined in *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). No federal statute of limitations exists for either cause of action. The federal courts borrow the statute of the forum state applicable to the analogous state cause of action. *Kaiser v.*

*Cahn*, 510 F.2d 282 (2d Cir. 1974). In the instant action the limitation period is "that which New York would enforce had an action seeking similar relief been brought in a court of that state." *Swan v. Board of Higher Education*, 319 F.2d 56, 59 (2d Cir. 1963).

The complaint alleges that defendants, including the movant, pounded on the door, then smashed it in with a sledge hammer and entered the apartment with drawn guns. It is further alleged that defendant overturned and damaged the furniture and furnishings in the apartment. Finally, one of the plaintiffs claims that she was physically molested and forced to sit naked in the apartment while the search was being conducted.

■ In a federal civil rights action against defendants acting under color of state law brought pursuant to 42 U.S.C. § 1983, the New York statute of limitations that is borrowed is the three-year statute provided by N.Y.C.P.L.R. § 214(2) for liability based upon a statute. *Kaiser v. Cahn, supra.* This three-year period is not applicable to any action against Biss since his liability cannot be based upon 42 U.S.C. § 1983.

Movant urges that the analogous state cause of action would be controlled by N.Y.C.P.L.R. § 215 which provides, in relevant part:

"The following actions shall be commenced within one year:

1. an action against a sheriff, coroner or constable, upon a liability incurred by him by doing an act in his official capacity or by omission of an official duty, except the non-payment of money collected upon an execution;

\* \* \* \* \* \*

3. an action to recover damages for assault, battery, false imprisonment, malicious prosecution, libel, slander, false words causing special damages, or a violation of the right of privacy under section fifty-one of the civil rights law . . . ."

■ Plaintiffs concede that the one-year statute is applicable to the claims of assault and battery, but argue that the complaint also includes claims for property damage and for prima facie tort, subject to a three-year statute of limitations under N.Y.C.P.L.R. § 214(4) and § 214(5). This court would lack subject matter jurisdiction over a claim for property damage since it is inconceivable that the amount sought could meet the $10,000 jurisdictional threshold mandated by 28 U.S.C. § 1331(a).

■ As to the assertion that this complaint sounds in prima facie tort, it is clear that the wrongs alleged, aside from trespass, are assault, battery and false imprisonment. Prima facie tort is a doctrine "developed by the courts to allow recovery for wrongs not cognizable under traditional tort theory." *Lynn v. Cohen*, 359 F.Supp. 565, 570 (S.D.N.Y. 1973). Allegations of malice affect the damages; they do not transform the acts of a defendant into prima facie tort. *Lynn v. Cohen, supra.*

■ The cause of action against defendant Biss sounds in intentional tort and the one-year statute of limitations provided in N.Y.C.P.L.R. § 215 applies. Consequently, the complaint against him by the three adult plaintiffs Pamela Felder, Ilona Felder and Dorothy Felder is dismissed as time-barred.

■ The complaint of plaintiffs Alexander Felder, Alexandria Felder and Michelle Felder against defendant Biss is not time-barred because they were infants at the time the cause of action accrued and at the time the complaint was filed. N.Y.C.P.L.R. § 208 provides for the tolling of the statute of limitations where the plaintiff is an infant. Nonetheless, plaintiffs' failure to prosecute this action compels the dismissal of the complaint of those plaintiffs whose action is not time-barred.

■■ Plaintiffs knew the identity of defendant Biss in November 1973 when the complaint was filed. This case originally appeared on a pretrial calendar call on February 6, 1975 and was adjourned to May 2, 1975 when it was as-

signed to a magistrate for the entry of a pretrial order preparatory to trial. It was not until October 2, 1975 that this defendant was served with process in a case then two years old. No excuse is offered for this delay other than that they did not know where to reach him and that the United States Attorney's office never volunteered information as to his whereabouts. Many ways were available to them to discover where defendant Biss could be served. Lack of due diligence on the part of a plaintiff, regardless of any prejudice to the defendant, is grounds for dismissal under Rule 41(b), Fed.R.Civ.P., in this circuit. *Messenger v. United States,* 231 F.2d 328 (2d Cir. 1956).

The complaint against defendant Biss is dismissed.

So ordered.