MADDOX, Justice.
Appellee, Shelby County Hospital Board, filed a complaint for declaratory judgment in the Circuit Court of Shelby County against appellant, Medicom, Inc., and Cardiovascular Associates, a professional association, seeking a declaration as to the rights and interests of the parties relating to a service agreement executed between the hospital and Medicom on May 21, 1973, and the enforceability of a subsequent agreement between the hospital and Cardiovascular Associates. This complaint was filed on September 25, 1975; however, counsel for the hospital asked the clerk of the Circuit Court of Shelby County to “hold service” as the parties were working toward settlement. No service was attempted until January 7, 1976.
On December 18, 1975, appellant, Medi-com, filed a breach of contract action in the Circuit Court of Jefferson County against the hospital (plaintiff in the Shelby County suit) and Cardiovascular Associates. Medi-com filed a motion to dismiss in the Shelby County action on February 27, 1976, and an amendment to dismiss on March 1, 1976. Both motions were overruled.
The hospital, on January 7, 1976, filed a motion to dismiss Medicom’s complaint in the Circuit Court of Jefferson County. It was overruled.
Subsequently, the hospital amended its Shelby County action and asked the Circuit Court of Shelby County to enjoin Medicom from further prosecuting the Jefferson County action. The circuit court in Shelby County granted the injunction.
ISSUES
1. Whether the circuit court in Shelby County erred in its order by enjoining Medi-com, and the other parties litigant from any further proceedings in the action now pending in the circuit court of Jefferson County.
2. Whether service of process in the Shelby County action was illegally withheld contrary to Rule 4(a)(1) ARCP, and, if so, should the Shelby County action be dis *780 missed for want of prosecution pursuant to Rule 41(b) ARCP.
APPELLANTS’ ARGUMENT
Medicom concedes in brief that it has been unable to find an Alabama case in support of the specific questions it raises on appeal. However, it relies on Jefferson v. Stockholders Pub. Co., 194 F.2d 281 (CA 9, 1952) for the proposition that service under both the federal and Alabama rules should be instituted forthwith so as not to cause prejudice to the defending party.
Medicom claims that the hospital is at fault and should suffer the consequences since service was not perfected. It submits that the Shelby County action should be dismissed and that the hospital, if it desires, can file a cross-bill in the pending case in Jefferson County.
The hospital counters that its civil action should not be dismissed because the Circuit Court of Shelby County has prior jurisdiction and any delay in effecting service upon Medicom did not cause it any substantial or material prejudice. The hospital submits that the cause of action between the parties first commenced in the circuit court of Shelby County, because “a civil action is commenced by filing a complaint with the court.” Rule 3, ARCP.
We agree with the hospital that its Shelby County suit should not be dismissed. The action was commenced when the bill of complaint was filed. That court, having acquired jurisdiction, was not divested of jurisdiction because another action was filed in another county before service of process was had. It had the right to retain jurisdiction to the exclusion of all other state courts having concurrent jurisdiction.
AFFIRMED.
TORBERT, C. J., and FAULKNER, SHORES and BEATTY, JJ., concur.