**Jerome PRESTON, Jr. and Robert Gluck, as trustees of the Seaboard Leverage Fund Litigation Trust, Plaintiffs,**

v.

**Edwin MENDLINGER et al., Defendants.**

**No. 77 CIV 747 (LBS).**

United States District Court,
S. D. New York.

Aug. 7, 1979.

Stults Marshall & Gabler, New York City, for plaintiffs; S. Pitkin Marshall, New York City, of counsel.

Robert Alvin Adler, Newark, N. J., for defendant Harvey Printz.

Obermaier, Morvillo, Abramowitz & Fitzpatrick, New York City, for defendant Barrett Kobrin; Thomas Fitzpatrick, Gilda I. Mariani, New York City, of counsel.

## OPINION

SAND, District Judge.

Defendants Harvey Printz and Barrett Kobrin move for a dismissal of the action under F.R.Civ.P. 41(b) on the ground that plaintiffs have failed to prosecute the action against them.[1] Defendant Printz additionally moves for dismissal under F.R. Civ.P. 12(b) on the ground that procedures followed in effecting service of process were deficient. For the reasons set forth herein, defendants' motions are denied.

## FACTS

On February 15, 1977, plaintiffs filed a complaint alleging various securities violations. In addition to the moving defendants, the complaint names 36 defendants who allegedly participated in the trading of Belair Financial Corporation stock during the years 1970 and 1971. Defendant Kobrin has previously been tried and convicted of violation of the securities law for his participation in these transactions.[2] Defendant Printz was a witness at that trial.[3]

Within two months of the filing of their complaint, plaintiffs attempted service on all 38 defendants, but successfully served only 27. Plaintiffs attempted to serve Printz at the business address given by Printz in his testimony at the *Mendlinger* criminal trial. The process receipt was returned with the notation, "3/22/77 Endeavored to serve. Informed by corp. representative subject since resigned from corp. and moved to parts unknown approximately 9 months ago". Plaintiffs attempted to serve Kobrin at his (former) residence in Edison, New Jersey. This process receipt was returned with the notation that Kobrin had moved without leaving a forwarding address.

At a pretrial conference in March 1979, the parties were notified to prepare the case for trial in September. Plaintiffs then hired detectives to locate the unserved defendants. Kobrin was served on April 12, 1979. Printz was served on April 20, 1979 with a copy of the original complaint rather than an amended complaint.

## DISCUSSION

*(A) Failure to Prosecute*

■ . The initial consideration for a motion to dismiss for failure to prosecute by reason of delayed service is "[a] lack of due diligence on the part of the plaintiff—not a showing by the defendant that it will be prejudiced by denial of its motion". *Messenger v. United States,* 231 F.2d 328, 331 (2d Cir. 1956). The underlying reasoning behind this rule is that the "probability of prejudice to defendants upon whom process is not served for a long time is particularly great". *Finley v. Parvin/Dohrman Co.,* 520 F.2d 386, 391 (2d Cir. 1975) citing *Pearson v.*

---

1. The defendants filed separate motions. The Printz motion was filed on May 22, 1979, and argued on June 14, 1979. The Kobrin motion was filed on June 11, 1979, and argued on June 28, 1979.

2. *United States v. Mendlinger,* 75 Cr. 956 (S.D. N.Y.).

3. There is also a related case involving the same transactions before Judge Griesa awaiting decision. *Competitive Associates, Inc. v. Yamada,* 72 Civ. 1986 (S.D.N.Y.). None of the defendants in this suit were named in the suit before Judge Griesa.

*Dennison,* 353 F.2d 24, 28 (9th Cir. 1965). However, where the delay is only moderate, the probability of prejudice is lower, and therefore actual prejudice must be considered. *Messenger v. United States, supra; Bersch v. Drexel, Firestone, Inc.,* 389 F.Supp. 446, 463–64 (S.D.N.Y.1974), *aff'd in part on other grounds, and rev'd in part on other grounds,* 519 F.2d 974 (2d Cir. 1975).

 The delay here is approximately two years. While the actual period of delay is an important factor in determining whether a delay is moderate, it is not determinative. Rather, a court must look to all the facts and circumstances. See *Bersch v. Drexel, Firestone, Inc., supra.* While extremely long delays have such a high probability of prejudice that courts do not inquire into any mitigating factors,[4] a delay of approximately two years is not so inherently prejudicial that it requires dismissal without consideration of other factors. See *Lyford v. Carter,* 274 F.2d 815 (2d Cir. 1960) (two years); *contra Charles Labs, Inc. v. Banner,* 79 F.R.D. 55 (S.D.N.Y.1978) (eighteen months).

As stated above, plaintiffs made a good faith effort to serve the defendants when they instituted the action. Plaintiffs claim that they made "moderate attempts" to locate the two defendants during the ensuing two years. In an affidavit submitted in opposition to the Kobrin motion, plaintiffs' counsel stated:

> "On information and belief [the] efforts included searching all area phone books, making inquiries of the N.A.S.D. [National Association of Securities Dealers] and communicating with witnesses in the criminal case of *U. S. v. Mendlinger* [cite],

and other known business associates of the defendants including Printz and Kobrin."

Plaintiffs, however, claim that they did not devote more effort to effecting service because of the time spent responding to the three preliminary motions in the case.[5]

Defendants, on the other hand, argue that the plaintiffs did not even make "moderate attempts" to serve them. Printz claims that, at all relevant times, his address was listed in the Manhattan phone directory. He also states that he was registered with the Securities and Exchange Commission and the National Association of Securities Dealers.[6] Kobrin states that he filed a change of address with the Post Office, the New Jersey Division of Securities, and the New York Attorney General's office, Securities Division. Kobrin also claims that his new address was on record with the New Jersey Department of Motor Vehicles and the New Jersey Board of Elections.

Additionally, Kobrin contends that plaintiffs could have located him by reason of the fact that Gordon, Hurwitz, Butowsky, Baker, Weitzen & Sahlov ("Gordon, Hurwitz"), plaintiffs' counsel on other matters, was aware of Kobrin's new address. During that period, Gordon, Hurwitz represented Kobrin on an unrelated matter. In support of this argument, Kobrin submits a letter, dated July 26, 1978, which he received from a partner in Gordon, Hurwitz informing him of a possible conflict of interest in the firm. The letter indicated that plaintiffs would be notified of this potential conflict.

---

**4.** *Messenger v. United States, supra,* (four years); *Saylor v. Lindsley,* 71 F.R.D. 380 (seven to eight years).

**5.** First, several defendants moved to dismiss for failure to join a necessary party. This motion was granted and plaintiff appealed. Prior to the appellate decision, the matter was settled by consent order, which required that the complaint be amended. Next, defendant Icahn & Co. moved to dismiss for failure to state a claim or specifically plead fraud. This motion was denied. Finally, defendant Thompson

McKinnon, Auchincloss & Kohlmeyer moved for summary judgment on the ground that it was only a transferee of assets and therefore, could not be held liable. This motion was settled by stipulation.

**6.** Defendant Printz also contends that he was served in April, 1979, in retaliation for his refusal voluntarily to testify for the plaintiffs. Plaintiffs' motives for effecting service are not an issue in a Rule 41(b) motion for failure to prosecute.

Plaintiffs do not dispute that they were aware of the common counsel. They argue, however, that they did not try to procure the address from Gordon, Hurwitz because it would have created an actual conflict of interest.

Although we believe that service could have been effected during the ensuing two years prior to actual service, we find on the facts of this case that the delay here was only moderate. At the time of service, the proceeding was in the early stage of discovery. Three sets of interrogatories had been answered by the plaintiffs. Plaintiffs had also made documents available to the then served defendants. As of the time of this motion, however, no defendant had reviewed the documents. Additionally, the first deposition was not taken until three to four weeks after service upon the moving defendants, and had not been completed prior to the time this motion was brought.[7]

The finding of a moderate delay requires inquiry as to whether the defendants were actually prejudiced by the delay in service. Both defendants argue that they were prejudiced because they could not participate in the litigation of the preliminary motions. They also contend that they will not have adequate time to prepare their case. Finally, defendants claim that they were prejudiced by being served after the running of the statute of limitations.

■ We disagree. The defendants cannot say that they were surprised by being named as defendants in this action. This action arises out of the same transactions which were the subject of the *Mendlinger* criminal trial, at which Kobrin was convicted of securities fraud and Printz was a witness. Additionally, Kobrin was on notice that he was a defendant in this action in June 1978, when he received the letter from Gordon, Hurwitz informing him of that fact.

The moving defendants were not prejudiced by their inability to participate in the litigation of the preliminary motions. The motions were directed at the sufficiency of the complaint and the failure to name necessary parties, not the merits of plaintiffs' case against the moving defendants. Additionally, defendants Printz and Kobrin have not lost their right to move on these issues.

Moreover, we find that defendants have not shown that they will be impaired in their trial preparation because of the late service. As stated above, the case was in the early stage of discovery at the time of service. Defendants have not alleged that any witnesses have died or are unavailable.

Finally, we find no prejudice arising from the fact that the action would have been barred by the statute of limitations had it not been for the tolling effect of the filing of the complaint. As stated above, defendants must show actual prejudice from their reliance on the fact that they had not been served prior to the running of the statute of limitations. Neither defendant alleges any specific instance of reliance on the tolling of the statute.

Defendant Printz also moves to quash service of process and dismiss the action under Rule 12(b). Printz contends that while Rule 41(b) "provides one vehicle for the Court's guarding against a plaintiff's delay in filing a complaint and its further delay in serving process on one or more defendants, several Courts have apparently treated the delay in service of process as an insufficiency in service of process and have dismissed actions accordingly." Printz Brief at 14.

Apparently Printz is referring to cases which hold that F.R.Civ.P. 3 requires that service of process be made with due diligence in order to effectively toll the statute

---

7. The first deposition was noticed on April 5, 1979 to be held on April 26, 1979. The deposition was actually held on May 10, 1979. However, Mr. Printz' attorney was not notified of the deposition until May 7, 1979, seventeen days after service. Mr. Kobrin's attorney was not notified of the deposition until May 8, 1979, twenty-six days after service. While we do not condone the dilatoriness of the notice, that does not affect the outcome of this motion. The sole issue before this Court is due diligence in serving process and the probability of prejudice from delayed service.

of limitations.[8] These cases have not been followed by the Second Circuit. In *Messenger v. United States, supra,* the Second Circuit held that Rule 3 contained no time limit for serving process.[9] The court stated that the statute of limitations was tolled by the filing of the summons and complaint, and that the action "remains pending in an inchoate state until service is completed unless and until the action is dismissed for failure to prosecute under Rule 41(b)." 231 F.2d at 329. See also *Moore Company of Sikeston, Mo. v. Sid Richardson Carbon & Gas Company,* 347 F.2d 921 (8th Cir. 1965).

 Even if we were to consider defendants' argument that they are entitled to dismissal under Rule 3, we fail to see how this would require a result different from the one reached under Rule 41(b). Assuming Rule 3 requires that a plaintiff use due diligence in service of the complaint, this would be the same standard the Second Circuit applies in a Rule 41(b) motion. Since we hold that plaintiffs used due diligence under Rule 41(b), that same due diligence would satisfy Rule 3.

*(B) Sufficiency of Process*

Printz' final contention is that the process served on him was insufficient because he was served with an original rather than an amended complaint.[10]

 We agree. Service of a superseded complaint does not constitute proper service. *Phillips v. Murchison,* 194 F.Supp. 620 (S.D.N.Y.1961); see generally 2 *Moore's Federal Practice* § 409, at 4–105 (2d ed. 1979). There is no indication, however, that plaintiffs cannot serve Printz with an amended complaint immediately. Accordingly, we will deny this motion on the condition that proper service of the amended complaint is effected on Printz within 20 days of the filing of this opinion.

---

8. *Shelley v. Bayou Metals,* 422 F.Supp. 545 (W.D.La.1976); *United States v. Wahl,* 406 F.Supp. 1396 (E.D.Mich.1976); *Newhart v. George Helick Coffee Co.,* 325 F.Supp. 1047 (E.D.Pa.1971); *Elizabethtown Trust Co. v. Konshak,* 267 F.Supp. 46 (E.D.Pa.1967).

9. Rule 3 states, "A civil action is commenced by filing a complaint with the court."

*Conclusion*

Accordingly, defendants' motions for dismissal under Rule 41(b) for failure to prosecute are denied. Defendant Printz' motion to dismiss under Rule 12(b) for failure to serve the proper complaint is denied on the condition that plaintiff make proper service on Printz within 20 days of the filing of this opinion. Defendant Printz' other motions are denied in all respects.

SO ORDERED.

10. Defendant Printz also claimed that the service of process was insufficient because the supplemental summons was not issued by the clerk of the court. However, the docket sheet indicates that service was made on April 20. Due to an administrative delay, this was not entered on the docket sheet until June 5, six and one half weeks after service and two weeks after Printz filed his motion.