TELESPOT of NEW ENGLAND, INC.
vs.
TRANSPORTATION DISPLAYS, INC.
JOHN DONNELLY & SONS
PENN CENTRAL
TRANSPORTATION CO.
COMMONWEALTH of MASS.

Civ. A. No. 76-4034-S

United States District Court
D. Massachusetts

February 23, 1981

Michael J. Monahan for the plaintiff.

John J. Twomey for the defendant, Commonwealth of Mass.

John M. Hall for the defendant, Penn Central Trans. Co.

Robert D. Keefe for remaining defendants.

## MEMORANDUM AND ORDER

SKINNER, D.J. Telespot of New England, Inc. [Telespot] brought this action against Transportation Displays, Inc. [TDI], the Penn Central Transportation Company [Penn Central], John Donnelly & Sons [Donnelly], and the Commonwealth of Massachusetts to recover damages for breach of warranty and misrepresentation arising out of a licensing agreement. Jurisdiction is based on diversity of citizenship, 28 U.S.C. § 1332.[1] The case is presently before me on Penn Central's and TDI's motions to dismiss.

Telespot has alleged the following facts. In 1972 it sought to acquire the right to erect an electronic advertising sign on property owned by Penn Central located near the Southeast Expressway in Boston. Through TDI, its outdoor advertising agent, Penn Central had already issued a license to John Donnelly & Sons to maintain a billboard on the property. Donnelly also held a permit from the Outdoor Advertising Board of the Commonwealth of Massachusetts authorizing a billboard in this space. In an effort to acquire the rights to this space, Telespot entered into negotiations with TDI and Donnelly.

The parties reached agreement in early February 1973. Donnelly relinquished its rights under the licnese in consideration for a monthly payment from Telespot. The per-

---

[1] Upon plaintiff's motion, defendants Donnelly, a Massachusetts voluntary trust, and the Commonwealth of Massachusetts were subsequently dismissed to establish diversity jurisdiction in this court.

mit from the Outdoor Advertising Board would continue to be held in Donnelly's name. TDI in turn issued a license on behalf of Penn Central to Telespot that gave Telespot the right to display its electronic sign on the property for five years.

Telespot erected its sign in early March 1973. On May 23, 1973, however, the Outdoor Advertising Board revoked Donnelly's permit and ordered Telespot to cease operating the electronic sign. Donnelly then obtained a preliminary injunction in Suffolk Superior Court suspending enforcement of the Board's order until such time as the Board conducted a hearing. A hearing was held in July 1975. In January 1976, the Board once again ordered Donnelly and Telespot to cease operating the sign. As one ground for its decision, the Board stated that Donnelly and Telespot had failed to comply with the requirement that a permit holder have a valid lease or license to erect a sign. The Board found that Penn Central did not own the property at the time its agent, TDI, issued the license to Telespot, having conveyed title to the Commonwealth of Massachusetts on December 28, 1972. Since Telespot did not have the permission of the actual owner, the Commonwealth, to erect a sign, the Board revoked the permit.

Telespot commenced the present action in November 1976. Shortly thereafter it served process on all of the defendants except TDI. Plaintiff's attorney apparently failed to learn that the U.S. Marshal had been unable to locate and serve TDI. Notice of the lawsuit, however, was brought to TDI's attention. On December 31, 1976, Penn Central's attorney sent a copy of the summons and complaint to TDI, requesting that it defend Penn Central in accordance with an earlier agreement. On January 11, 1977, in response to a request from TDI, Penn Central sent TDI a copy of the answer it had filed.

Little else happened in the lawsuit until April 1980, when Telespot changed counsel. It then learned that the Marshal had not served process on TDI in 1976. Telespot took immediate steps to correct its oversight by having process served on TDI on May 20, 1980.

Penn Central and TDI now move to dismiss the complaint on the ground that Telespot failed to commence this action within the time period prescribed by the applicable statutes of limitations. TDI further argues that Telespot's failure to serve process on TDI until four years after the complaint was filed constitutes lack of due diligence in prosecuting the case and requires dismissal under Fed. R. Civ. P. 41(b).

## I. Statute of Limitations

In diversity cases a federal court must apply the statutes of limitations established by state law. **Ragan v. Merchants Transfer & Warehouse Co.,** 337 U.S. 530, 533 (1949). Massachusetts' statutes of limitations thus govern whether the plaintiff has filed a timely complaint.

The initial step in any statute of limitations is to determine what causes of action the plaintiff's complaint states. Telespot's amended complaint contains four counts. Count I seeks relief against TDI. Counts II, III and IV seek relief against Penn Central. Telespot argues that its complaint states a cause of action in contract for breach of warranty against both defendants.[2] Defendants disagree, contending that the complaint states only an action for misrepresentation.

This distinction is critical, as the limitations period for contract actions is six years, G.L. c. 260, § 2, while the period for the tort of deceit is only two years. G.L. c. 260, § 2A.[3]

Counts I and II of Telespot's amended complaint allege, in substance, that the defendants expressly warranted in the license agreement that Penn Central had title to the property, which warranty was breached when the license was issued to Telespot. Whether the statement was a warranty of title or merely descriptive of the property

[2]An action for breach of warranty in Massachusetts sounds in contract as well as in tort. Carolet v. Garfield, 339 Mass. 75, 79 (1959).

[3]General Laws c. 260 § 2A was amended in 1973 to extend the limitations period to three years. This applies, however, only to actions arising on or after January 1, 1974. See, G.L. c. 260, § 2A (West Supp. 1981). Because this action, at the latest, arose in May of 1973, the two-year limitations period applies.

involved is a question of the intent of the parties, an issue of fact. See, **Axion Corp. v. G.D.C. Leasing Corp.,** 359 Mass. 474, 482-83 (1971). I therefore rule that Telespot has stated a claim in contract for breach of warranty against TDI in Count I and against Penn Central in Count II.

The period of limitation of a right of action for breach of contract begins to run at the time of the breach. **DiGregorio v. Commonwealth.** 407 N.E.2d 1323, 1324 (Mass. App. 1980). In the present case, the purported warranty was breached when TDI issued the license to Telespot in February of 1973. With respect to Penn Central, TDI filed its complaint and served process in late 1976, well within the six year period of limitation set out in G.L. c. 260, § 2. Accordingly, Penn Central's motion to dismiss is DENIED as to Count II.

TDI argues that its situation differs from Penn Central's. Though the complaint Telespot filed in 1976 named TDI as a defendant, Telespot did not serve process on TDI until May 1980, more than six years after the breach of warranty occurred. In TDI's view, filing of the complaint does not by itself constitute the commencement of an action for purposes of tolling the statute of limitations. A case is commenced, it argues, only when filing has occurred and process has been served. TDI concludes that the six-year limitations period established by G.L. c. 260, § 2 ran out by the time Telespot served process on TDI and, therefore, that Telespot's breach of warranty claim in Count I is barred.

Rule 3 of the Federal Rules of Civil Procedure states: "A civil action is commenced by filing a complaint with the court." In diversity cases, this rule applies in determining whether a statute of limitations established by state law has been tolled. **Alford v. Whitsel,** 52 F.R.D. 327, 330-31 (D. Miss. 1971); **cf., Hanna v. Plumer,** 380 U.S. 460 (1965). The great weight of authority interprets Rule 3 literally; i.e., once plaintiff has filed a complaint, the case is commenced, thereby tolling the statute of limitations. **Messenger v. United States,** 231 F.2d 328, 329-30 (2d Cir. 1956). The issue of delayed service of process is treated under Rule 41(b) in terms

of lack of diligent prosecution. **Id.** Since Telespot filed its complaint against TDI within six years after the cause of action accrued, the running of G.L. c. 260, § 2 was tolled. TDI's motion to dismiss Count I on statute of limitations ground is therefore DENIED.

Count III of Telespot's amended complaint alleges, in substance, that through its agent TDI, Penn Central represented to Telespot that it had title to the property even though it knew or reasonably should have known that it did not, and that Telespot relied to its detriment on this representation. I find that these allegations constitute a cause of action for deceit under Massachusetts law. See, **Barrett Associates, Inc. v. Aronson,** 346 Mass. 150, 152 (1963).

The applicable statute of limitations, however, bars Telespot's cause of action for deceit. G.L. c. 260, § 2A states:

> Except as otherwise provided, actions of tort . . . shall be commenced only within two years next after the cause of action accrues.[4]

Ordinarily, a cause of action for deceit accrues when the misrepresentation is made. **Connelly v. Bartlett,** 286 Mass. 311, 317 (1934). Where, however, the misrepresentation is of an "inherently unknowable" fact, the cause of action does not accrue until the person injured knows or in the exercise of reasonable diligence should know the facts giving rise to the action. **Friedman v. Jablonski,** 371 Mass. 482 (1976). Under either definition of when an action accrues, Telespot's complaint was not timely filed. The alleged misrepresentation occurred in early February 1973. Telespot learned of the misrepresentation no later than May 23, 1973, when the Outdoor Advertising Board issued its decision. Yet Telespot commenced this case in November 1976, well over two years after each event. Accordingly, Penn Central's motion to dismiss is ALLOWED as to Count III.

Count IV of Telespot's amended complaint alleges that Penn Central breached its agreement to grant Telespot the right to

[4]See Note 3, supra.

construct an electronic advertising sign on the property. This count, however, merely restates the allegations contained in Count II and thus adds no new theory of recovery to plaintiff's case. Accordingly, Penn Central's motion to dismiss is ALLOWED as to Count IV.

## II. Failure to Prosecute

A federal district court has discretionary authority pursuant to Fed. R. Civ. P. 41(b)[5] and its own inherent powers to dismiss a complaint with prejudice for want of diligent prosecution. **Link v. Wabash Railroad Co.**, 370 U.S. 626, 629 (1962); **Richman v. General Motors Corp.**, 437 F.2d 196, 199 (1st Cir. 1971). The sanction of dismissal is severe, however, and should be resorted to only in extreme circumstances. **Richman v. General Motors Corp.**, supra, at 199. The policy of the law favors disposing of cases on their merits and thus dismissal is appropriate "only in the face of a clear record of delay or contumacious conduct by the plaintiff." **Durham v. Florida East Coast Railway Company**, 385 F.2d 366, 368 (5th Cir. 1967).

TDI urges that the length of Telespot's delay in serving process on TDI, four years, leaves this court with no choice but to dismiss the complaint. TDI is correct that length of delay is the chief consideration in such cases. **Messenger v. United States**, 231 F.2d 328, 331 (2d Cir. 1956). A presumption of injury to the defendant's interests arises from the fact of a long period of delay. **Anderson v. Air West, Inc.**, 542 F.2d 522, 524 (9th Cir. 1976). Given the strong policy in favor of resolving lawsuits on the merits, however, a court may inquire into whether the delay has actually prejudiced defendant's ability to present his case and whether plaintiff intended such a result. **Pearson v. Dennison**, 353 F.2d 24, 28-29 (9th Cir. 1965).

TDI contends that Telespot's delay has prejudiced it in two ways: first, that those persons who negotiated the agreement on its behalf with Telespot left TDI's employ in the mid-1970's and are unavailable as witnesses; second, that both Penn Central and TDI underwent business reorganizations in the mid-1970's, making it difficult if not impossible to retrieve documents relating to the agreement. The problem with TDI's position is that these handicaps would have existed even had TDI been promptly served in 1976. Both the departure of the negotiators and the business reorganizations occurred prior to or contemporaneous with the filing of this lawsuit and are in no way related to Telespot's delay in serving process. Moreover, TDI had actual notice of the lawsuit in December 1976 and cannot be heard to claim that this case took it by surprise.

I find therefore that TDI suffered little or no prejudice from the delay. I further find that Telespot's failure to promptly serve TDI, though negligent, was not purposeful or "contumacious" and thus does not warrant the harsh sanction of dismissal.

Accordingly, TDI's motion to dismiss Count I under Fed. R. Civ. P. 41(b) is DENIED.

Walter Jay Skinner
United States District Judge

---

[2]Rule 41(b) provides, in pertinent part:
For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him.