PRUDENTIAL LINES, INC., Plaintiff,

v.

MARINE REPAIR SERVICES, INC.,
Vincent E. Marino, William O'Donnel
and Keith Nelson, Defendants.

No. 80 CV 2807.

United States District Court,
E. D. New York.

June 10, 1982.

Barrett, Smith, Schapiro, Simon, & Armstrong by Frederic W. Parnon, New York City, for plaintiff.

Austrian, Lance & Stewart by Richard B. Cooper, Elizabeth M. Toll, New York City, for defendant O'Donnel.

NEAHER, District Judge.

In October 1980 plaintiff Prudential Lines, Inc., filed this action under the Racketeer Influenced and Corrupt Organization Act, 18 U.S.C. § 1961 *et seq.*, and provisions of State law, to recover moneys of which defendants allegedly had defrauded it. Only recently, however, on January 18, 1982, was defendant O'Donnel served with the amended summons and complaint in Charleston, South Carolina. O'Donnel has moved pursuant to Rule 41(b), F.R.Civ.P., to dismiss the complaint as against him based upon plaintiff's 14-month delay in prosecuting the action by failure to serve process on him until recently. For the following reasons the motion is denied.

The federal rules contain no provision limiting the time within which service of process must be made. It is well established, however, that a trial court has discretion under Rule 41(b) to dismiss *sua sponte* or on motion an action or claims, based upon a plaintiff's failure to effect service of process. *E.g., Taub v. Hale,* 355 F.2d 201 (2d Cir. 1966); *Messenger v. United States,* 231 F.2d 328, 330–31 (2d Cir. 1956); 5 Moore's Federal Practice, ¶ 41.11[2] at 41–134–35 (2d ed. 1981). See also *Veaz-*

ey v. Young's Yacht Sale and Service, Inc., 644 F.2d 475 (5th Cir. 1981); Anderson v. Air West, Inc., 542 F.2d 522 (9th Cir. 1976). "The operative condition of the Rule is lack of due diligence on the part of the plaintiff—not a showing by the defendant that it will be prejudiced by a denial of its motion," Messenger, supra, 231 F.2d at 331, although the degree of prejudice may influence the court's discretion "in cases of moderate or excusable neglect." Id.

■ As recounted in the respective affidavits submitted by O'Donnel and counsel for the parties, the relevant circumstances, which are not in serious dispute, demonstrate that the delay properly attributable to plaintiff was moderate and not wilful. Furthermore, O'Donnel has not adequately shown that he will suffer actual prejudice on account of the delay in this case.

The complaint in this action is patterned upon a 1979 federal criminal indictment filed in the Southern District of New York that charged two of the individual defendants in this case, O'Donnel and Marino, with having engaged in a scheme to defraud Prudential Lines by means of overbilling and kickbacks in connection with the repair of Prudential equipment during 1974 and 1975. A jury convicted Marino after trial in 1980 but was unable to reach a verdict as to O'Donnel. Judge Stewart declared a mistrial as to O'Donnel and a nolle prosequi order was subsequently entered terminating the criminal proceedings against him.

It is undisputed that upon filing this action in October 1980, plaintiff gave copies of the summons and complaint to the United States Marshal to serve on defendants, together with what it believed was the correct address of defendant Marine Repair in Staten Island, where, evidently, it expected to serve O'Donnel. Although the Marshal's return indicates that as early as October 1980 his attempt to serve defendants at this address was unavailing, because the defendants were no longer there, the Marshal did not file the return or notify plaintiff of this fact until at least March 2, 1981, after failing to make service upon another defendant (since dropped from the amended complaint).

For four months, until July 16, 1981, plaintiff did nothing further to secure service of process on defendants. On that date, however, plaintiff engaged a private process server to serve Marine Repair at a different address which was done on August 4, 1981. Through its attorney, Richard Greenspoon, Esq., who had testified at the criminal trial, Marine Repair answered the complaint and immediately sought discovery. At the end of October 1981 Prudential and Marine Repair stipulated, inter alia, that Prudential could file and serve an amended complaint, which it did in early December, and that discovery would be stayed pending this, with Marine Repair to retain priority in discovery. Mr. Greenspoon acknowledged receipt of the amended complaint by a letter dated December 8, 1981, in which, as promised, he also provided plaintiff with O'Donnel's new home and office addresses in South Carolina. Upon receiving this information, plaintiff arranged within a week for a South Carolina process server to serve O'Donnel with the amended summons and complaint, which eventually was done on January 18, 1982.

As defendant points out, however, it also is undisputed that O'Donnel's home address in New Jersey, effective until July 1981 when he moved to South Carolina, was available in Marine Repair's files, and that this was his address at the time of his criminal trial, at which plaintiff apparently had observers. Moreover, O'Donnel provided his New Jersey post office with his forwarding address in South Carolina.

The delay in service from October 1980 to March 1981, the date of the Marshal's return, cannot fairly be laid at plaintiff's door. Service through the Marshal was required by Rule 4(c) at that time, and plaintiff had no cause to believe that service could not be made by the Marshal at the address provided. It was defendants' departure from their previous place of business that frustrated the Marshal's attempt at service, and no dereliction on the part of plaintiff. The case is thus unlike Felder v. Daley, 403 F.Supp. 1324, 1326–27 (S.D.N.Y.

1975), relied upon by defendant. In that case the plaintiff had made no attempt to discover where the federal defendant could be served. Here, the plaintiff had no occasion to avail itself of various other ways to discovering O'Donnel's whereabouts, at least until it knew he was not at the original address. *Cf. United States v. Greitzer,* 18 F.R.D. 304 (E.D.Pa.1955).

On the other hand, it does not appear that plaintiff sought to secure service of process on O'Donnel through the private process server it hired to serve Marine Repair. Apparently, it deferred further attempts to serve O'Donnel until after its initial dealings with Marine Repair resulted in the amended complaint. Defendant's arguments, therefore, rest upon a nine-month delay in effecting service, from March 1981 to January 1982.

In the circumstances, the nine-month delay is insufficient to justify involuntary dismissal of the complaint as against O'Donnel. Although plaintiff unquestionably could have been more diligent in locating O'Donnel, counsel not unreasonably anticipated learning O'Donnel's address through counsel for his former employer, Marine Repair. "No wilful or deliberate disregard of the Court's authority is evident. The conduct of plaintiff's counsel is not contumacious." *Arnesen v. Shawmut County Bank,* 504 F.Supp. 1077, 1080 (D.Mass.1980).

Furthermore, the delay was moderate, and could hardly have prejudiced O'Donnel as regards his conduct of this action. *Cf. Anderson v. Air West, supra.* Discovery had only just begun when O'Donnel was served. See *Preston v. Mendlinger,* 83 F.R.D. 198, 201 (S.D.N.Y.1979); *Bersch v. Drexel Firestone, Inc.,* 389 F.Supp. 446, 463 (S.D.N.Y.1974). Moreover, as in the *Preston* case in which recovery also was sought based upon transactions which were the subject of prior criminal proceedings, O'Donnel cannot claim surprise or uncertainty as to how to defend against Prudential Lines' claims.

Although O'Donnel suggests that the memory of many witnesses may be fading, the portions of the deposition of plaintiff's chief executive officer Skouras offered to show this are less than conclusive; as CEO, Skouras would not necessarily have known all the details on which O'Donnel now harps. In addition, that many witnesses have left Prudential's employ or have fading memories cannot fairly be attributed in any great measure to the delay in service. The underlying events occurred in 1974 and 1975, and the criminal trial, which undoubtedly will furnish much information, was not held until 1980. As for O'Donnel's remaining contentions of prejudice, Mr. Greenspoon has now returned to work and presumably will be available for deposition. The failure to serve the co-defendant Marino is simply not relevant.

Accordingly, the motion to dismiss for want of prosecution is denied.

SO ORDERED.