**In re Lucretia Ann MILLER, Debtor.**

**The UNITED STATES of America, ex rel. The PEOPLES BANKING COMPANY, Plaintiff,**

v.

**Quentin M. DERRYBERRY, II, et al., Defendants.**

**Bankruptcy No. 81–02214.
Adv. No. 83–0819.**

United States Bankruptcy Court,
N.D. Ohio, W.D.

Dec. 7, 1984.

---

Thomas D. Drake, William E. Clark, Findlay, Ohio, for plaintiff.

Quentin M. Derryberry, II, Wapakoneta, Ohio, trustee/defendant.

Steven L. Diller, Toledo, Ohio, for trustee/defendant.

## ORDER

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter is before the court as a result of this Court's Order that plaintiff show cause within 10 days from November 9, 1984 why this action should not be dismissed against the Defendant, Christine A. DeSanctis for want of prosecution for failure to file proof of service of summons upon said defendant and upon plaintiff's memorandum in compliance with show cause order.

Plaintiff sought to join Christine A. DeSanctis as the surety under Defendant/Trustee's bond in the Lucretia Miller case. Since the commencement of this case over one year ago the plaintiff was unable to make service on two summons issued by this Court. In August of 1983 plaintiff requested a third summons but the clerk did not respond. After three months had elapsed since his last request and upon the court's show cause order the plaintiff now asks the court to issue the summons. The court refuses to issue the summons and dismisses this action without prejudice.

The court recognizes the duty of the clerk to issue a summons pursuant to F.R.C.P. 4. However, the clerk's responsibilities do not stand alone. F.R.C.P. 41(b) places an affirmative duty on attorneys to take responsibility for the progress of their cases. In light of F.R.C.P. 41(b), the fact that this case is now over a year old, the delay to the other parties in the case who are now ready to proceed and the fact that this defendant is nonessential to this action, this Court feels it must dismiss the action against Christine A. DeSanctis without prejudice.

Certainly plaintiff's attorney after a casual glance at his case file should have been aware that this Court did not have jurisdiction over Christine A. DeSanctis because she was never served with a summons. The concurring opinion of Judge Hincks in *Messenger v. United States*, 231 F.2d 328 (2d Cir.1956) expresses the attitude of this Court toward the lawyer's obligation when he should know service has not been made. Judge Hincks stated "In that situation I think the plaintiff was chargeable with knowledge that the rule had not been complied with and that due diligence required plaintiff to move for the issue of fresh process with reasonable promptitute after the filing of the marshal's return." And furthermore "Since he was not entitled to proceed with the prosecution of his action until he had caused the defendant to be brought into the jurisdiction of the court, and since his failure so to do continued to the very time that he was found with a motion of dismissal, I think dismissal was imperatively required under Rule 41(b)." *Messenger v. United, supra* at 333. The court is mindful of the fact that in *Messenger* the clerk was not responsible for the summons not being issued.

Since the failure of the clerk to issue a summons was not attributable to the plaintiff, it would be to harsh to dismiss with prejudice. Yet the time delays that would occur, and the nonessential character of this defendant coupled with plaintiff's abili-

ty to have pursued this matter months ago warrant this Court in dismissing the case.

For the foregoing reasons, it is hereby,

ORDERED that Christine A. DeSanctis be, and she hereby is, dismissed as a party defendant without prejudice.