**Norma FRASCA, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

**No. 73, Docket 90–6075.**

United States Court of Appeals, Second Circuit.

Argued Aug. 31, 1990.

Decided Dec. 18, 1990.

Tracy J. Harkins, Gramer & Melbardis, Coram, N.Y. (W. Alexander Melbardis, of counsel), for plaintiff-appellant.

Jody Kasten, Asst. U.S. Atty., E.D.N.Y. (Andrew J. Maloney, U.S. Atty. E.D.N.Y.), for defendant-appellee.

Before FEINBERG and CARDAMONE, Circuit Judges, and RE,* Chief Judge.

RE, Chief Judge:

Plaintiff-appellant, Norma Frasca, appeals from a judgment of the United States District Court for the Eastern District of New York, granting the motion to dismiss of the defendant-appellee, the United States, for failure properly to serve the United States within 120 days of the filing of the complaint, as required by Rule 4(j) of the Federal Rules of Civil Procedure.

On appeal, Frasca contends that the district court erred in granting the motion to dismiss since the filing of her complaint tolled the applicable statute of limitations period until entry of an order of dismissal, and, prior to entry of the order, Frasca had cured her failure of service by serving a supplemental summons.

The question presented is whether the filing of a complaint in the district court tolls the applicable statute of limitations period beyond the expiration of the 120–day period provided by Fed.R.Civ.P. 4(j), until an order of dismissal is entered.

Since we conclude that the filing of a complaint does not toll the applicable statute of limitations beyond the 120–day period for service provided by Rule 4(j), we hold that the district court did not err in granting the motion to dismiss. Accordingly, the judgment of the district court is affirmed.

## BACKGROUND

On July 10, 1986, while on the grounds of a Veterans Administration Hospital, Norma Frasca was attacked by a psychiatric patient. On July 8, 1988, alleging that the damages she sustained as a result of the attack were caused by lack of proper supervision, Frasca filed a complaint in the United States District Court for the Eastern District of New York. Frasca alleged a cause of action against the United States under the Federal Tort Claims Act, codified at 28 U.S.C. §§ 1346(b), 2671–2680 (1988).

On July 19, 1988, Frasca delivered a summons and complaint to the Office of the District Counsel of the Veterans Administration. Rule 4(d)(4), however, states that service on the United States is performed by serving the United States attorney for the district in which the action is pending, and serving, by registered or certified mail, the United States Attorney General. The United States, in its answer filed on September 30, 1988, alleged insufficiency of service of process. On that date, Frasca still had more than 30 days in which to serve process within the 120–day period established by Rule 4(j).

Nevertheless, it was not until February 22, 1989 that Frasca complied with Rule 4(d)(4) by serving process on the United States Attorney for the Eastern District of New York, and mailing copies by certified mail to the United States Attorney General and the Veterans Administration.

On August 4, 1989, contending that Frasca had failed to comply with Rule 4(j) by failing to serve the United States within 120 days of the filing of her complaint, the United States moved for dismissal. Frasca then filed a supplemental summons and amended complaint, naming as co-defendant Joseph Sullivan, the psychiatric patient who had attacked her. On August 14, 1989, the supplemental summons and amended complaint were served on Sullivan, the United States Attorney for the Eastern District of New York, and, by registered mail, the United States Attorney General.

On January 11, 1990, the district court granted the motion of the United States to dismiss.

* The Honorable Edward D. Re, Chief Judge, United States Court of International Trade, sitting by designation.

## DISCUSSION

**[1]** Rule 4(d)(4) provides that service on the United States is performed:

> by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought ... and by sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States....

Fed.R.Civ.P. 4(d)(4). Rule 4(j) provides that:

> If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion....

Fed.R.Civ.P. 4(j).

It is not disputed that Frasca did not properly serve the United States within 120 days of the filing of her complaint. Nevertheless, Frasca contends that the district court erred in granting the motion to dismiss. According to Frasca, her supplemental summons was served "while the Statute of Limitations was tolled, before dismissal by the Court, and the United States' motion to dismiss for insufficiency of service was therefore moot."

In support of her contention, Frasca cites *Messenger v. United States*, 231 F.2d 328 (2d Cir.1956). In *Messenger*, the plaintiff brought suit against the United States under the Federal Tort Claims Act. The plaintiff, however, failed to serve the United States in the method required by Rule 4(d). Accordingly, after the applicable statute of limitations period had expired, the district court dismissed the action for failure to prosecute. *See id.* at 329.

On appeal, this court noted that the Federal Rules did not provide a deadline before which a plaintiff must serve a defendant or the action will be subject to abatement. The court noted that, during the drafting of the Federal Rules of Civil Procedure, "it was at first proposed that the action should abate unless personal jurisdiction by service of process was acquired within 60 days." *Id.* The court also noted that an alternative proposal would have required abatement in 60 days unless plaintiff showed within that period good cause to extend the time for service. *See id.* Since Congress chose not to impose a period for abatement, however, the court determined "that after the filing of the complaint, the action remains pending in an inchoate state until service is completed unless and until the action is dismissed for failure to prosecute under Rule 41(b)." *Id. See also Jordan v. United States*, 694 F.2d 833, 837 n. 7 (D.C.Cir.1982); *United States v. Wahl*, 583 F.2d 285, 289 (6th Cir.1978).

In 1983, however, Rule 4 was amended by the addition of subsection (j), which provides that a plaintiff has 120 days, from the date of the filing of the complaint, to serve the defendant or "show good cause why such service was not made within that period...." Fed.R.Civ.P. 4(j). *See* Federal Rules of Civil Procedure Amendments Act of 1982 § 2(7), Pub.L. No. 97–462, 96 Stat. 2527, 2528 (1983). It is relevant to note that "[t]he addition of Rule 4(j) was in harmony with the other 1983 amendments to Rule 4, which generally shifted responsibility for making service from the United States marshals to the plaintiff." 2 J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 4.46 (2d ed. 1990). Indeed, it was noted that the prior Rule 4 did not "provide a time limit within which service must be completed[,] [p]rimarily because United States marshals currently effect service of process, [and therefore] no time restriction has been deemed necessary." H.R. 7154, 97th Cong., 2d Sess. § 5, *reprinted in* 1982 U.S.Code Cong. & Admin.News 4434, 4437, 4440.

It is clear that the addition of Rule 4(j) renders the rule in *Messenger* obsolete. The *Messenger* rule was adopted in response to Congress' failure to establish a period by which a plaintiff must serve the defendant. Prior to the adoption of Rule 4(j), an action was subject to abatement

only for failure to prosecute under Rule 41(b). *See Jordan,* 694 F.2d at 837 n. 7; *Wahl,* 583 F.2d at 289. In contrast, Rule 4(j) establishes a 120–day period in which service must be made, and expressly provides an exception only on plaintiff's showing of good cause.

Discussing the specific question presented, the United States Court of Appeals for the Seventh Circuit, in *Geiger v. Allen,* 850 F.2d 330 (7th Cir.1988), has stated that "dismissal is mandatory if a defendant is not served within 120 days, unless the plaintiff can show good cause for the delay." *Id.* at 331–32. The 120 days runs from the filing of the complaint, and the statute of limitations for the underlying claim is tolled during that period. If service is not complete by the end of the 120 days, however, the governing statute of limitations again becomes applicable, and the plaintiff must refile prior to the termination of the statute of limitations period. *See id.* at 334.

In this case, since Frasca has made no showing of good cause for her failure to comply with Rule 4(j), it is the conclusion of the court that Rule 4(j) mandates dismissal of plaintiff's action.[1]

 We note that Rule 4(j) states that a dismissal for failure properly to serve the defendant within 120 days of the filing of the complaint is without prejudice. Nevertheless, dismissal is proper even if it occurs after the expiration of the applicable statute of limitations period, and its effect is to bar the plaintiff's claim. *See Geiger,* 850 F.2d at 334; *Wei v. State of Hawaii,* 763 F.2d 370, 372 (9th Cir.1985).

CONCLUSION

In view of the foregoing, it is the conclusion of the court that plaintiff has failed to comply with the provisions of Rule 4(j). Accordingly, the judgment of the district court, granting the motion of the United States to dismiss, is affirmed.

1. We are aware of this Court's recent opinion in *Zankel v. United States,* 921 F.2d 432 (2d Cir. 1990), which reversed the district court's order dismissing plaintiffs' complaint for failing to comply with the timely service requirements of Rules 4(d)(4) and 4(j). In *Zankel,* we held that plaintiffs' "technical defect in service" should be excused under the exception delineated in *Jordan v. United States,* 694 F.2d 833, 836 (D.C.Cir. 1982) (per curiam). *Zankel* is clearly distinguishable. Plaintiffs' attempted service in this case cannot accurately be characterized as a "technical defect in service" rather than a complete failure, because they did not make any effort to serve either the United States Attorney or the Attorney General within 120 days of filing their complaint. In addition, there is no indication here that both government representatives named as recipients of service under Rule 4(d)(4) received actual notice, i.e., copies of the summons and complaint, within the required 120–day time period. Nonetheless, in the present case, just as in *Zankel,* the record suggests that the government intentionally waited until the expiration of the statute of limitations before bringing its motion to dismiss for untimely service. While this kind of government conduct by *itself* does not constitute grounds for denying such a motion under Rule 4(j), we join the panel in *Zankel* in believing that such conduct should not be encouraged and we regard it as contrary to the purpose of securing "the just, speedy and inexpensive determination of every action," Fed.R.Civ.P. 1.