**In re Donald A. SCIARRETTO, Debtor.**

**Robert INGALA and Joann Ingala, Plaintiffs,**

**v.**

**Donald A. SCIARRETTO, Defendant.**

**Bankruptcy No. 2–93–02985.
Adv. No. 2–93–2331.**

United States Bankruptcy Court,
D. Connecticut.

June 28, 1994.

Paul R. Vallillo, Waterbury, CT, for plaintiffs.

Edward P. Jurkiewicz, Hunt Leibert Lublin Chester & Pontacoloni, P.C., Hartford, CT, for defendant-debtor.

## MEMORANDUM OF DECISION AND ORDER ON DEFENDANT'S MOTION TO DISMISS

ROBERT L. KRECHEVSKY, Chief Judge.

### I.

#### ISSUE

The plaintiffs, Robert Ingala and Joann Ingala, commenced an action under Code § 523 to determine the dischargeability of an unliquidated claim asserted against the debtor-defendant, Donald A. Sciarretto. The debtor has moved to dismiss the action pursuant to Fed.R.Civ.P. 12(b)(5), *incorporated by* Fed.R.Bankr.P. 7012(b) (insufficiency of service of process), contending the summons and complaint were not timely and properly served upon the debtor within 120 days of the filing of the complaint.

### II.

#### BACKGROUND

The record reflects the following: The plaintiffs filed this adversary proceeding on November 1, 1993, and the following day the clerk's office issued a summons and notice of pretrial conference to the plaintiffs for service upon the debtor. The pretrial conference, scheduled for December 20, 1993, adjourned when counsel for the plaintiffs appeared and advised that timely and proper service of process had not been made. The clerk's office then issued a second summons and notice of pretrial conference to the plaintiffs. The next day, December 21, 1993, the plaintiffs' attorney filed a certificate of service declaring that on December 17, 1993 he served by first-class mail a copy of the *first* summons and complaint only upon the law firm of the debtor's bankruptcy counsel. The plaintiffs' attorney subsequently filed a second certificate of service declaring that on December 29, 1993 he served the *second* summons and complaint only upon the debtor by first-class mail addressed to the debtor's residence listed in his bankruptcy petition.

At the pretrial conference scheduled by the second summons for March 28, 1994, the plaintiff's attorney appeared and indicated, for reasons not reflected in the record, that he once again would re-serve the complaint. The clerk's office issued a third summons and notice of pretrial conference on March 28, 1994, and the plaintiffs' attorney later filed a certificate of service verifying that he mailed this summons and the complaint to the debtor and his attorney on March 31, 1994,[1] 150 days after the date of the filing of the complaint.

No one appeared on behalf of the debtor at either of the first two scheduled pretrial conferences. The debtor's bankruptcy counsel filed an appearance after the third summons was served and on April 28, 1994 moved for dismissal of the action for insufficiency of service.

### III.

#### DISCUSSION

##### A.

###### Applicable Rules of Procedure

The federal rules place responsibility for service of process on the plaintiff. Once a complaint is filed commencing an action, the "plaintiff is responsible for service of a summons and complaint within the time allowed . . . ." Fed.R.Civ.P. 4(c), *incorporated*

---

1. The certificate of service filed indicates that the summons and complaint were mailed on December 29, 1993. The plaintiffs state in their brief, however, that the date should read March 31, 1994, the same date that the plaintiffs' attorney signed the certificate of service. To the extent necessary for the purpose of this ruling, the court will treat the plaintiffs' explanation as a motion to amend proof of service pursuant to Fed.R.Bankr.P. 7004(a), *incorporating* Fed.R.Bankr.P. 4(h) (as in effect on Jan. 1, 1990).

*by* Fed.R.Bankr.P. 7004(a). The procedures for completing service upon a defendant-debtor in an adversary proceeding are easily complied with. While a debtor's case is pending, Rule 7004(b)(9) provides that service of process upon the debtor may be made by, *inter alia,* mailing copies of the summons and complaint to the debtor and, if the debtor is represented in the bankruptcy case by an attorney, to the debtor's attorney as well.[2] Service of process is deemed complete upon mailing. Fed.R.Bankr.P. 9006(e).

Two time limitations apply to service of process upon a debtor in a bankruptcy adversary proceeding. First, Rule 7004(f) provides that "[i]f service is made by any authorized form of mail, the summons and complaint shall be deposited in the mail within 10 days following issuance of the summons. If a summons is not timely . . . mailed, another summons shall be issued and served." Fed.R.Bankr.P. 7004(f). Second, Rule 7004(a), which incorporates Fed.R.Civ.P. 4(j) as in effect on January 1, 1990,[3] provides that an action shall be dismissed without prejudice if the plaintiff does not complete service of process upon the defendant within 120 days of commencement of the action, unless the plaintiff demonstrates good cause for the failure to complete service.[4]

### B.

*Plaintiffs' Services of Process*

■ The plaintiffs' first service of process, in addition to being incomplete by not serving the debtor, is invalid because it was served more than 10 days after the summons was issued. The first summons was issued on November 2, 1993 and served 45 days later on December 17, 1993. Rule 7004(f) invalidates the first attempted service. *Sears, Roebuck & Co. v. Reeves (In re Reeves),* 127 B.R. 866, 868 (Bankr.S.D.Cal. 1991) (invalidating service because summons had expired after not having been served within 10 days of issuance); *Norm's Furniture Sales, Inc. v. Latuch (In re Latuch),* No. 90–00035, 1991 WL 133413, at *2–3 (Bankr. D.Vt. Feb. 8, 1991) (invalidating service and noting that language of Rule 7004(f) requiring summons to be mailed within 10 days is mandatory).

■ The plaintiffs correctly requested the clerk's office to issue a second summons. Service of this summons, however, was also incomplete. The certificate of service filed by the plaintiffs' attorney declared that the debtor only was served with a copy of the summons and complaint. Rule 7004(b)(9) expressly provides that service upon a debtor is not sufficient until both the debtor and his attorney are served with copies of the summons and complaint. *See, e.g., United States Escrow v. Bloomingdale (In re Bloomingdale),* 137 B.R. 351, 354 (Bankr.C.D.Cal.1991) (holding that service upon debtor is not proper until debtor's counsel is served); *Longmeadow Motor Co. v. Heinz (In re Heinz),* 131 B.R. 38, 40 (Bankr.D.Md.1991) (finding attempted service upon debtors "ineffectual because debtors' counsel was not served").

**2.** Fed.R.Bankr.P. 7004(b)(9) provides, in pertinent part:

[S]ervice may be made within the United States by first class mail postage prepaid as follows:

(9) Upon the debtor, after a petition has been filed by or served upon the debtor and until the case is dismissed or closed, by mailing copies of the summons and complaint to the debtor at the address shown in the petition or statement of affairs or to such other address as the debtor may designate in a filed writing and, if the debtor is represented by an attorney, to the attorney at the attorney's post-office address.

Fed.R.Bankr.P. 7004(b)(9).

**3.** Rule 7004(a) provides that "[Rule 4(j)] applies in adversary proceedings." Fed.R.Bankr.P. 7004(a). Rule 7004(g) in turn provides that the portions of Rule 4 made applicable by Rule 7004(a) "shall be the subdivisions of [Rule 4] in effect on January 1, 1990, notwithstanding any amendment to [Rule 4] subsequent thereto." *Id.* 7004(g).

**4.** Rule 4(j) provides, in pertinent part:

If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

Fed.R.Civ.P. 4(j), *incorporated by* Fed.R.Bankr.P. 7004(a).

The sufficiency of service of process thus relies on the plaintiffs' third service made on March 31, 1994. Because this service was made 30 days after the 120–day period for serving process had run, this action is subject to dismissal without prejudice pursuant to Rule 4(j) unless the plaintiffs can demonstrate good cause for their failure to serve.[5]

## C.

### Good Cause Under Rule 4(j)

■ Prior to the addition of Rule 4(j) to the federal rules in 1983, there was no express time limitation for serving process. Courts instead applied a flexible "due diligence" standard for gauging the sufficiency of process in a case. *See* 4A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1137, at 390–91 (1987). Rule 4(j) in effect established 120 days as the date after which a plaintiff's diligence in serving process could be questioned. After 120 days, Rule 4(j) requires a plaintiff to show good cause before service beyond that period will be determined proper.

■ "Dismissal of an action is mandatory under Rule 4(j) when the 120 day limit is violated unless 'good cause' can be shown." *Yosef v. Passamaquoddy Tribe,* 876 F.2d 283, 287 (2d Cir.1989); *Frasca v. United States,* 921 F.2d 450, 453 (2d Cir.1990).[6] The burden to demonstrate good cause for failure to serve rests with the plaintiffs. *See Dederick & Himlie, P.A. v. DuFour (In re DuFour),* 153 B.R. 853, 855 (Bankr.D.Minn.1993) ("The plaintiff bears the burden of establishing the

existence of good cause for failure to make timely service.").

The plaintiffs' sole proferred basis to establish good cause is a contention that the third summons was issued upon "order of the court" and that good cause must therefore exist "since the Court would not have issued the order without that threshold showing by the plaintiffs." Plaintiffs' Brief at 2. The court never "ordered" that a third summons be issued, nor is any such order necessary for the issuance of a summons by the clerk. *See Client's Sec. Fund v. Dahowski (In re Dahowski),* 48 B.R. 877, 881 (Bankr.S.D.N.Y. 1985) ("The issuance of the summons is an administrative act performed by the Clerk of the Court."). The court noted in the March 28, 1994 pretrial conference memorandum that the plaintiff planned "to re-serve complaint," but plaintiffs' characterization of this notation as an order extending time in which to complete service is incorrect. *Cf. Braxton v. United States,* 817 F.2d 238, 242 (3d Cir. 1987) (stating that district court's letter warning plaintiff that service was insufficient could not be characterized as an extension of time for good cause).

Since Rule 4(j) was made applicable to bankruptcy adversary proceedings in 1987, several bankruptcy courts have considered and rejected the argument that apparent attorney error in service constitutes good cause to permit service beyond 120 days. *See In re DuFour,* 153 B.R. at 855 (failure of attorney's employee to include summons with complaint does not constitute good cause); *In re Bloomingdale,* 137 B.R. at 353 (failure to mail summons and complaint to debtor's

---

5. The third proof of service filed by the plaintiffs' attorney on March 31, 1994 indicates that this service was otherwise properly made upon the debtor by mailing a copy of the summons and complaint upon the debtor and his attorney by first-class mail at the addresses stated in the debtor's bankruptcy petition. The debtor's attorney claims, however, that he received this third summons, but not the complaint. Whether the debtor's statement overrides the plaintiffs' attorney's certification that he mailed both the summons and complaint, or whether the debtor's attorney's previous receipt of a copy of the complaint is sufficient to satisfy the requirement that the complaint be served in addition to the summons, need not be reached for reasons to follow, namely, the lack of any good cause to justify that this service should be considered timely. *See* 9

*Collier on Bankruptcy* ¶ 7004.03, at 7004–15 (Lawrence P. King, ed., 15th ed. 1994) (discussing requirement that summons and complaint be served together).

6. Rule 4(j) was amended in 1993 to make dismissal absent good cause discretionary with the trial court rather than mandatory. *See* Fed. R.Civ.P. 4 (1993 Advisory Committee note to Rule 4(m)) (noting that the amendment to Rule 4(j) "authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown"). Because Rule 7004(g) incorporates Rule 4(j) as in effect on January 1, 1990, dismissal remains mandatory in bankruptcy adversary proceedings, absent good cause.

attorney does not establish good cause); *In re Heinz,* 131 B.R. at 41 (same); *In re Reeves,* 127 B.R. at 868 (no good cause found where plaintiff's attorney failed to recognize that summons was invalid because it was not served within the 10–day period required by Rule 7004(f)); *Stinnett v. Wilson (In re Wilson),* 96 B.R. 301, 303–04 (Bankr.E.D.Cal. 1989) (law office negligence in completing service, coupled with attorney's failure to recognize and correct the failure within the 120–day period, did not establish good cause to uphold service made by attorney after 120 days). *Contra, Parson v. Cole (In re Cole),* 142 B.R. 140, 145 (Bankr.N.D.Tex.1992). *Security Pac. Fin. Corp. v. Bade (In re Bade),* 87 B.R. 78, 80 (Bankr.D.Neb.1988).

■ The Second Circuit has held that under Rule 4(j) dismissal is mandatory where no good cause is shown, even if the action is extinguished by a statute of limitations. *See, e.g., Frasca v. United States,* 921 F.2d at 453 (holding that dismissal under Rule 4(j) is mandatory unless good cause is shown and that "dismissal is proper even if it occurs after the expiration of the applicable statute of limitations period, and its effect is to bar the plaintiff's claim").

The plaintiffs have not asserted that the debtor bears any responsibility for the failure of service in this action. *Cf. Santos v. State Farm Fire and Casualty Co.,* 902 F.2d 1092, 1096 (2d Cir.1990) ("A defendant cannot justly be allowed to lie in wait, masking by misnomer its contention that service of process has been insufficient, and then obtain a dismissal on that ground only after the statute of limitations has run, thereby depriving the plaintiff of the opportunity to cure the service defect."). The record reflects only that the debtor did nothing in response to the plaintiffs' attempts at service.[7]

Under the circumstances of this proceeding, "since [the plaintiffs] ha[ve] made no showing of good cause for [their] failure to comply with Rule 4(j), ... Rule 4(j) mandates dismissal of plaintiff[s'] action." *Frasca v. United States,* 921 F.2d at 453.

7. Nor did the debtor procedurally waive his right to assert an insufficiency of process defense un-

## IV.

### *CONCLUSION*

The debtor's motion to dismiss is granted. An appropriate judgment shall enter dismissing this action. It is

SO ORDERED.

### *JUDGMENT*

This action came on for hearing before the court, Honorable Robert L. Krechevsky, Chief Bankruptcy Judge, presiding, and a motion to dismiss having been granted, it is

ORDERED AND ADJUDGED that the action shall be dismissed and that the plaintiffs shall take nothing on their claim.

der Rule 12(b)(5). *See* Fed.R.Civ.P. 12(h)(1).