In re Linda L. **OPREAN**, Debtor.

David J. **MROCHEK**, Plaintiff,

v.

Linda Lee **OPREAN**, Defendant.

Bankruptcy No. 94–10660–AT.
Adv. No. 94–1377–T.

United States Bankruptcy Court,
E.D. Virginia, Alexandria Division.

March 27, 1995.

---

**10.** See n. 1.

David E. Jones, Fairfax, VA, for Plaintiff.

Roy B. Zimmerman, Alexandria, VA, for Defendant.

### MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

Hearing was held February 1, 1995, on defendant's motion to dismiss plaintiff's complaint for failure to perfect service and on defendant's motion for time to file an amended complaint. Defendant alleged that plaintiff failed to serve the summons and complaint on defendant and defendant's counsel within 120 days from filing the complaint on August 10, 1994. The court took the matter under advisement. For reasons stated in this memorandum opinion, defendant's motion to dismiss is granted, and plaintiff's motion to file an amended complaint is denied.

### Findings of Fact

Debtor Linda L. Oprean filed a Chapter 7 petition in February 1994. Pursuant to 11 U.S.C. § 523, the last day for filing a complaint seeking an exception from discharge was August 10, 1994.

On August 10, 1994, plaintiff filed a complaint against debtor and her nondebtor spouse, George Oprean. The clerk's office issued a summons on August 11, 1994. Defendant's counsel attempted to serve debtor by mailing the summons and complaint to debtor in care of her attorney on August 16, 1995. The attorney did not mail the com-

plaint to debtor's address as required by Fed.R.Bankr.P. 7004(b)(9).

On August 28, 1994, plaintiff's counsel procured an alias summons, and he attempted to serve debtor by having a process server serve the complaint on debtor's attorney. Debtor's counsel was not served in his individual capacity.

On September 22, 1994, debtor moved to dismiss the complaint for failure to properly serve debtor and to dismiss as to the nondebtor spouse for failure to state a claim upon which relief could be granted.

On October 14, 1994, plaintiff obtained a second alias summons. This summons and complaint was posted on the door of debtor's residence on October 25, 1994.

After a hearing on November 29, 1994, the court granted defendant's motion to quash service of process and directed plaintiff to serve the summons and complaint again. The court held, "I am not going to dismiss the complaint; just do the service over please." The court also granted defendant's motion to dismiss George Oprean, the nondebtor spouse, as a defendant.

On December 19, 1994, plaintiff moved to file an amended complaint to remove the nondebtor spouse from the complaint. Plaintiff did not request additional time to file the original complaint nor did plaintiff request to add any new claims to the amended complaint.

On January 11, 1995, defendant moved to dismiss the action for failure to serve the summons and complaint on defendant and defendant's counsel within 120 days from filing the complaint.

### Conclusions of Law

■ The procedures governing the service of process are found in Fed.R.Civ.P. 4 and Fed.R.Bankr.P. 7004. Specifically, Fed.R.Bankr.P. 7004(a) states that Fed.R.Civ.P. 4(j) applies in adversary proceedings. Rule 4(j) was amended in 1993 and was relabeled as Rule 4(m). However, "[t]he subdivisions of Rule 4 F.R.Civ.P. made applicable by these rules [bankruptcy rules] shall be the subdivisions of Rule 4 F.R.Civ.P. in effect on January 1, 1990, notwithstanding any amend-

ment to Rule 4 F.R.Civ.P. subsequent thereto." *See* Fed.R.Bankr.P. 7004(g). Accordingly, for the purposes of this opinion, I will not consider the substantive change provided for in Fed.R.Civ.P. 4(m), *see Ingala v. Sciarretto (In re Sciarretto),* 170 B.R. 33, 36 n. 6 (Bankr.D.Conn.1994), and to avoid confusion will refer to the rule as Fed.R.Civ.P. 4(j).

■ Pursuant to Fed.R.Civ.P. 4(j), a summons and complaint in an adversary proceeding are to be served on the defendant and counsel within 120 days or such further time period as ordered by the court for cause. If a plaintiff is not diligent and fails to serve the complaint, the case *shall* be dismissed without prejudice unless plaintiff demonstrates good cause not to dismiss the action. *See In re Sciarretto,* 170 B.R. at 36 (emphasis added). Furthermore, "the plaintiff's burden of establishing good cause for failing to effect timely service is a difficult one to meet." *Dederick & Himlie, P.A., v. DuFour (In re DuFour),* 153 B.R. 853, 856 (Bankr.D.Minn.1993).

■ Once plaintiff fails to establish good cause, dismissal is mandatory, and plaintiff must refile the action before the court can consider plaintiff's claim. *See Frasca v. United States,* 921 F.2d 450, 453 (2d Cir. 1990). Upon refiling, plaintiff is subject to all time defenses even if the effect of dismissal "is to bar plaintiff's claim." *See Mendez v. Elliot,* 45 F.3d 75, 79 (4th Cir.1995); *Frasca,* 921 F.2d at 453; *In re Sciarretto,* 170 B.R. at 37.

■ It is undisputed that plaintiff failed to serve the complaint within 120 days and that the time period for filing a complaint has expired. However, plaintiff argues that good cause exists because the directive from the court on November 29, 1994, constituted permission to serve the complaint beyond the original time limit.

At the hearing on November 29, 1994, plaintiff did not mention the approaching deadline and failed to request an extension of time to serve the complaint. Because the issue was not before the court, I did not consider whether an extension of time was warranted and made no determination of

whether good cause existed. Accordingly, my statement at that hearing directing plaintiff's counsel to serve the complaint again was not an extension of time for plaintiff to serve the complaint. *See Mendez,* 45 F.3d at 79.

 The first time that plaintiff requested an extension of time to serve the complaint was on January 24, 1995, in plaintiff's opposition to defendant's motion to dismiss. Although the court may grant plaintiff an extension of time to serve the complaint after the deadline for service has passed, *see Mendez,* 45 F.3d at 79, the court finds that good cause has not been demonstrated here. Good cause is not established merely because counsel may have interpreted my statement on November 29, 1994, as an extension of time to serve. *See In re DuFour,* 153 B.R. at 856 (holding counsel's mistaken assumptions do not constitute good cause); *Stinnett v. Wilson (In re Wilson),* 96 B.R. 301, 303–04 (Bankr.E.D.Cal.1989) (holding counsel's error in perfecting service does not constitute good cause).

December 8, 1994, was the 120th day after the filing of the complaint. Accordingly, on November 29, 1994, when I dismissed the complaint as to the nondebtor spouse and directed counsel to serve defendant again, plaintiff had nine days to effectuate proper service. Plaintiff did nothing during this time; in fact, plaintiff failed to act until December 19, 1994, when plaintiff moved to file an amended complaint to delete references to the nondebtor spouse.[1] Based on these circumstances, the court can not find just cause for the delay.

Furthermore, I find no evidence in the record before me demonstrating the debtor is in any way responsible for the failure of service in this proceeding.[2] Plaintiff has not demonstrated that defendant at-tempted to avoid service of process, and plaintiff is not entitled to additional time to perfect service.

Because plaintiff failed to establish good cause for his failure to timely serve the complaint and summons, I will enter an order granting defendant's motion to dismiss and denying plaintiff's motion for leave to file an amended complaint.

---

1. At this point, I had already signed an order dismissing the complaint as to the nondebtor spouse. Accordingly, an amended complaint was unnecessary.

2. The court recognizes that a defendant cannot act in bad faith during service of process and then receive the benefits of dismissal. *See Santos v. State Farm Fire and Casualty Co.,* 902 F.2d 1092, 1096 (2d Cir.1990); *In re DuFour,* 153 B.R. at 856. As the Second Circuit held, "[a] defendant cannot justly be allowed to lie in wait, masking by misnomer its contention that service of process has been insufficient, and then obtain a dismissal on that ground only after the statute of limitations has run, thereby depriving the plaintiff of the opportunity to cure the service defect." *Santos,* 902 F.2d at 1096.