**In re James OSEBACH, a/k/a James R. Osebach, Debtor.**

**Esterina MAZZONE, n/k/a Esterina Fracchiola, Plaintiff,**

v.

**James OSEBACH, a/k/a James R. Osebach, Defendant.**

**Bankruptcy No. 194–15986–260. Adv. No. 194–1399–260.**

United States Bankruptcy Court, E.D. New York.

Oct. 12, 1995.

Dawn M. Varsalona, Staten Island, NY, for Plaintiff.

Hanna & Vlahakis by Donna Vlahakis, Brooklyn, NY, for Debtor.

## DECISION ON DEFENDANT–DEBTOR'S MOTION TO DISMISS THE ADVERSARY PROCEEDING FOR PLAINTIFF'S FAILURE TO SERVE THE SUMMONS AND COMPLAINT UPON THE DEBTOR

CONRAD B. DUBERSTEIN, Chief Judge.

Plaintiff Esterina Mazzone ("Plaintiff") commenced an action under Bankruptcy Code section 727 objecting to the discharge of the debtor-defendant, James Osebach ("Debtor"). The Debtor has moved to dismiss this action pursuant to Rule 12 of the Federal Rules of Civil Procedure (hereinafter "Federal Rules"), made applicable to this proceeding by Rule 7012 of the Federal Rules of Bankruptcy Procedure (hereinafter "Bankruptcy Rules" or "Rules"), on the ground that the summons and complaint were not timely and properly served within statutorily prescribed parameters. After deliberation and consideration of the facts and issues raised herein, for the reasons hereinafter set forth, Debtor's motion to dismiss the adversary proceeding is granted with prejudice.

### FACTS

The Debtor commenced this case on July 20, 1994, by filing a voluntary petition in bankruptcy under chapter 7 of the Bankruptcy Code ("Code"). At the time of the filing, Plaintiff was, and still is, a judgment creditor of the Debtor listed in the Debtor's schedules

in the amount of $15,729.52.[1] Plaintiff filed her complaint objecting to the Debtor's discharge on October 31, 1994.[2] As the Debtor asserts in his moving papers, however, and as the Plaintiff has failed to dispute, this complaint, along with its summons, were never properly served on the Debtor. Consequently, because Debtor never received notice of a pre-trial hearing, Plaintiff's unopposed argument was heard by this Court on January 19, 1995. As this Court was unaware of the Debtor's lack of notice, Plaintiff's request to deny the Debtor his discharge was granted. Accordingly, the Plaintiff was directed to settle an order granting such relief.

Following receipt by Debtor's attorney on March 9, 1995 of Plaintiff's notice of settlement of a proposed order denying the Debtor's discharge, dated February 13, 1995, the Debtor moved to dismiss the adversary proceeding claiming that Plaintiff had failed to secure personal jurisdiction over him.[3] According to Debtor's moving papers, Debtor was completely unaware of the adversary proceeding until his receipt of Plaintiff's notice of settlement of the proposed order on March 8, 1995. *See* Affidavit of Debtor James Osebach submitted in support of Debtor's motion to dismiss. Debtor's attorney did not receive a copy of said proposed order until March 9, 1995. Furthermore, there is no indication that Plaintiff ever attempted to serve the summons and complaint on the Debtor. A review of the case file shows that no affidavit of service of the summons and complaint was ever filed by Plaintiff.

1. Debtor listed the Plaintiff in his schedules of liabilities as a creditor in the sum of $22,000. Plaintiff's complaint alleges that she is a judgment creditor of the Debtor in the sum of $15,729.52.

2. Plaintiff's objection to the discharge, grounded in § 727(a)(5) of the Code, was based on the Debtor's "failure to explain satisfactorily any loss of assets or deficiency of assets to meet the debtor's liabilities." *Complaint*, ¶ 6(a).

3. Federal Rule 12(b)(2), made applicable to adversary proceedings through Bankruptcy Rule 7012, provides in pertinent part as follows: "Every defense, in law or fact, to a claim for relief in any pleading ..., shall be asserted in the responsive pleading if one is required, except that the

## DISCUSSION

■ Bankruptcy Rule 7004 which incorporates Federal Rules 4(a) and 4(j), specifically mandates that it is the responsibility of the Plaintiff or, if so represented, his attorney, to promptly serve the summons and complaint upon the defendant. Accordingly, when such service is not provided, an adversary proceeding may be dismissed. Federal Rule of Civil Procedure 4(j) reads as follows:

If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion....[4]

The question remaining then is, "what constitutes 'good cause'?"

■ "The legislative history of Federal Rule 4(j) provides only one example of what constitutes good cause, i.e., defendants evasion of service." *Sears, Roebuck & Co. v. Reeves (In re Reeves)*, 127 B.R. 866, 867 (Bankr.S.D.Cal.1991) (citing *Wei v. State of Hawaii*, 763 F.2d 370 (9th Cir.1985)). Because "good cause" is not specifically defined in the Federal Rules of Civil Procedure, other courts have determined that its existence must be decided on a "case by case basis." *See Cartage Pacific, Inc. v. Waldner (In re Waldner)*, 183 B.R. 879, 882 (9th Cir. BAP1995) (citing *Reeves* at 868).[5] Finally, it

following defenses may at the option of the pleader be made by motion: (2) lack of jurisdiction over the person."

4. In addition to the 120 day limit, Bankruptcy Rule 7004(f) also imposes an additional time constraint on the life of a summons. Upon issuance, a summons must be served within 10 days or else it is deemed invalid. If the summons is not timely served, a new one shall be issued by the Clerk of the Court.

5. While courts have been hesitant to determine just what constitutes good cause, they have made it very clear as to what does not. In *Broitman v. Kirkland (In re Kirkland)*, 181 B.R. 563 (D.Utah 1995), the court lists several excuses which have

must also be made clear that in the determination of whether good cause exists, it is the Plaintiff who sustains the burden of proof. *See Broitman v. Kirkland (In re Kirkland)*, 181 B.R. 563, 568 (D.Utah 1995) (holding that plaintiff has burden of proof to avoid dismissal for want of good cause).

At issue then is whether the Plaintiff in this proceeding had "good cause" in not serving the summons and complaint within the 120 day period. This Court finds that the Plaintiff has failed to show any reason why the summons and complaint were not served on the Debtor within the statutory timeframe. Moreover, at no time did the Plaintiff file an affidavit of service with this court nor were any papers submitted objecting to the Debtor's motion to dismiss. Inasmuch as Plaintiff has failed to satisfy her burden of proof on the issue of improper service, the adversary proceeding is deemed dismissed.

■ Generally, dismissal of this case would be considered without prejudice, thereby allowing Plaintiff to refile her complaint. However, such is not the case here as Plaintiff is now effectively time-barred from refiling due to the expiration of the relevant statute of limitations.[6] According to Bankruptcy Rule 4004(a), "[i]n a chapter 7 liquidation case a complaint objecting to the Debtor's discharge under section 727(a) of the Code shall be filed not later than 60 days following the first date set for the [§ 341] meeting of creditors...." In this case, the section 341 meeting was initially scheduled for September 8, 1994 thus making the last day to object, November 7, 1994. Although Plaintiff had initially filed her complaint within the 60 day period, any refiling done now would obviously be well outside the statutory limitation imposed by Rule 4004.

■ In *Frasca v. United States*, 921 F.2d 450 (2d Cir.1990), the Second Circuit Court of Appeals noted that the applicable statute of limitations is tolled during the 120 days in which a plaintiff must serve a summons and complaint; that applicable statute of limitations will govern, however, if the 120 days expires without service having been performed. *Id.* at 453. Should this occur, it is up to the plaintiff to refile before the termination of that statute of limitations period. If this period has also expired, however, the plaintiff is then time-barred. According to *Frasca*, "dismissal is proper even if it occurs after the expiration of the applicable statute of limitations period, and its effect is to bar the plaintiff's claim." *Id.* Furthermore, a number of cases have determined that a tolling of the statute of limitations is *conditional* on the completion of proper service. *See, e.g., Reeves*, at 869 (citing *Linn & Lane Timber Co. v. United States*, 236 U.S. 574, 35 S.Ct. 440, 59 L.Ed. 725 (1915)). Since Plaintiff has failed to satisfy this "condition," the relevant 60 day statute of limitations has not been tolled. In effect, Plaintiff's aforementioned dismissal may be deemed to be "with prejudice" since Plaintiff is now time-barred from refiling the complaint.

## CONCLUSIONS

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(b)(2)(J) and (b)(2)(O).

2. The Debtor–Defendants motion to dismiss the adversary proceeding is GRANTED WITH PREJUDICE.

SETTLE AN ORDER CONSISTENT WITH THIS OPINION.

---

These include: "ignorance of the rule, inadvertence, mistake of counsel, secretarial misdeeds, process servers' failure to perform and mistaken belief ..." *Id.* at 568 (citing *Cloyd v. Arthur Anderson & Co.*, 151 F.R.D. 407, 411 (D.C.Utah 1993)).

**6.** "As a practical matter ... the dismissal may operate as a dismissal with prejudice when the action will thereafter be time-barred." *Cloyd v. Arthur Anderson & Co. (In re Cloyd)*, 151 F.R.D. 407, 412 (D.Utah 1993).