**In re COLONIAL REALTY COMPANY, Jonathan Googel, Benjamin Sisti, Consolidated Debtors.**

**Hal M. HIRSCH, as Trustee of the Consolidated Estate of Colonial Realty Company, Jonathan Googel and Benjamin Sisti, Plaintiff,**

v.

**Dominic LOPREATO, Defendant.**

Bankruptcy No. 90–21980.

Adversary No. 93–2315.

United States Bankruptcy Court,
D. Connecticut.

May 1, 1997.

Pamela J. Varin and Howard P. Magaliff, Gainsburg & Hirsch, Purchase, NY, for Plaintiff.

Steven W. Varney, Brown, Paindiris & Scott, L.L.P., Hartford, CT, for Defendant.

*MEMORANDUM OF DECISION AND ORDER ON DEFENDANT'S MOTION TO DISMISS COMPLAINT UNDER FED. R. CIV. P. 12(b)(1) and (5)*

ROBERT L. KRECHEVSKY, Bankruptcy Judge.

## I.

### ISSUES

Hal M. Hirsch ("Trustee"), Trustee of the Consolidated Chapter 7 Estate of Colonial Realty Company ("Colonial"), Jonathan Googel ("Googel") and Benjamin Sisti ("Sisti"), Debtors (together "the debtors"), on October 15, 1993, filed with the Clerk of the Court a complaint against Dominic Lopreato ("defendant") to avoid and recover certain alleged fraudulent transfers. The Trustee served the complaint on the defendant on May 5, 1995, 567 days after the filing. Counsel appeared for the defendant on June 12, 1995. The Trustee filed an amended complaint on November 20, 1995. The defendant's motion to dismiss the complaint, labelled as "pursuant to Federal Rule of Civil Procedure 12(b) and Local Rule 9(a)", filed on February 3, 1997, asserts (1) the Trustee "lacks standing to pursue the claims outlined in his complaint" and (2) the Trustee "failed to serve process on the defendant within 120 days of filing its [sic] complaint" as required by Fed. R. Bankr.P. 7004 and former Fed.R.Civ.P. 4(j). *Motion* at 2. The Trustee, in his brief in response to the motion, denies that he lacks standing and asserts that good cause existed why service of the summons and complaint was not made within 120 days of filing with the Clerk.

## II.

### THE COMPLAINT

The complaint, as amended, details the following relevant background of the defendant's dealings with the debtors. Colonial, a general partnership comprised of Googel and Sisti, was a real estate management company which, *inter alia,* syndicated real estate limited partnerships nationwide to thousands of investors. The debtors routinely paid monies, described as finder's fees or commissions, to persons who secured entities to invest in the Colonial-sponsored limited partnerships.

The defendant, an officer, agent or employee of several Connecticut labor unions, was also a trustee of the Connecticut Laborers' Pension Fund (the "Pension Fund"). The debtors, on or about September 28, 1989, gave the defendant $150,000 in cash and, on or about December 15, 1989, a gold Rolex watch which was purchased by the debtors for $7,600, in return for the defendant's influence in causing the Pension Fund to invest over $8,000,000 in three Colonial-sponsored limited partnerships.

Creditors filed involuntary Chapter 7 bankruptcy petitions against each of the debtors on September 14, 1990. The court thereafter entered unopposed orders for relief, and, on August 24, 1991, substantively consolidated the cases. The debtors and the defendant, after the filing of the bankruptcy petitions, met on several occasions and agreed not to disclose to any of the governmental agencies or to the Trustee in their investigation of the debtors' business practices the payments which the debtors had made to the defendant.

A federal grand jury, on or about September 28, 1994, charged in an indictment that the defendant had committed criminal offenses under the laws of the United States of America arising out of his above-described dealings with the debtors. On May 17, 1995, following a trial in the United States District Court for the District of Connecticut, a jury found the defendant guilty of filing false tax returns, bribery, conspiracy and perjury.

The Trustee's complaint, in two counts, asserts that the Trustee is entitled to recover the monies and property transferred to the defendant (1) as fraudulent conveyances pursuant to Bankruptcy Code § 544 [1] and Conn.

---

1. Section 544(b) of the Bankruptcy Code states that

   (b) The trustee may avoid any transfer of an interest of the debtor in property or any obli-

Gen.Stat. §§ 52–552, *et seq.*[2], (Repealed), and (2) as transfers unjustly enriching the defendant.

## III.

### *DISCUSSION*

#### A.

##### *DEFENDANT'S CLAIM THAT THE TRUSTEE LACKS STANDING*

###### 1.

■ The defendant claims the defense under Rule 12(b)(1)[3]—"lack of jurisdiction over the subject matter"—because the Trustee does not have standing to assert a fraudulent transfer claim. The defendant argues that the Trustee "is precluded from seeking recovery because the creditors are exclusively entitled to pursue fraudulent transfer claims." *Defendant's Brief* at 5. The defendant relies primarily on a Second Circuit ruling involving this very Trustee—*Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085 (2d Cir.1995).

The Trustee responds that *Andersen* is inapposite and that the relevant citation is *Hirsch v. Marinelli (In re Colonial Realty)*, 168 B.R. 506 (Bankr.D.Conn.1994). In *Marinelli*, the Trustee sued to recover finder's fees from that defendant in a four-count complaint. The first count relied upon the Trustee's rights to recover fraudulent transfers under Bankruptcy Code § 544 and Conn. Gen.Stat. §§ 52–552, *et seq.*, (Repealed). The second count, in the alterna-

tive, based recovery upon 12 U.S.C. § 1821(d)(17) in which Congress had granted the Federal Deposit Insurance Corporation (the "FDIC"), as the successor to failed banks, certain avoidance powers. This court, on a motion to dismiss the second count for lack of standing, made the following observation:

> Under § 544(b) a trustee has the right to bring an avoidance action that one or more unsecured creditors of the debtors are entitled to bring under applicable law.... A trustee has standing to assert causes of action under § 544(b) only if the benefits of the action inure to all creditors ratably. This limitation is not apparent from language of § 544(b) itself, but is nevertheless a settled bankruptcy doctrine, not modified by the enactment of the Bankruptcy Code of 1978, as amended.

168 B.R. at 510–11.[4]

The court, in accordance with this language, dismissed the second count upon finding § 1821(d)(17) was a personal claim accruing only to the FDIC. While the *Marinelli* defendant did not seek to dismiss the first count on the ground of standing, it is readily apparent from the language above quoted that standing of the Trustee to press the first count was impliedly assumed by the court and the parties.

The *Andersen* ruling is inapposite since in that matter the Trustee was not seeking to avoid fraudulent transfers. Rather, the Trustee sought to recover from Colonial's accounting firms and law firms losses in-

---

gation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(e) of this title.
11 U.S.C. § 544(b).

**2.** Connecticut General Statutes § 52–552 (repealed 1991) provided that:

All fraudulent conveyances, suits, judgments, executions or contracts, made or contrived with intent to avoid any debt or duty belonging to others, shall, notwithstanding any pretended consideration therefore, be void as against those persons only, their heirs, executors, administrators or assigns, to whom such debt or duty belongs.
Conn. Gen.Stat. § 52–552 (repealed 1991).

**3.** Fed. R. Bankr.P. 7012(b) provides that Fed. R.Civ.P. 12(b)-(h) applies in adversary proceedings.

**4.** *See also St. Paul Fire and Marine Insurance Company v. PepsiCo, Inc.*, 884 F.2d 688, 700–01 (2d Cir.1989) ("Under the Bankruptcy Code, the bankruptcy trustee may bring claims founded, *inter alia*, on the rights of the debtor and on certain rights of the debtor's creditors. Whether the rights belong to the debtor or the individual creditors is a question of state law.... If a claim is a general one, with no particularized injury arising from it, and if that claim could be brought by any creditor of the debtor, the trustee is the proper person to assert the claim, and the creditors are bound by the outcome of the trustee's action.") (citations omitted).

curred by investors of the Colonial-promoted limited partnerships, described as a Ponzi scheme perpetrated by the debtors with the assistance of the defendant firms, among others. The Second Circuit ruled that only the investors had standing to sue the Ponzi scheme alleged participants.

### 2.

The court concludes that the Trustee has standing pursuant to Bankruptcy Code § 544(b) and Conn. Gen.Stat. §§ 52–522, *et seq.*, (Repealed), to assert a fraudulent transfer claim against the defendant since any creditor could assert this claim. The defendant's motion to dismiss the complaint on this ground must be denied.

### B.

### DEFENDANT'S CLAIM THAT THE TRUSTEE UNTIMELY SERVED THE COMPLAINT

### 1.

■ The defendant's motion to dismiss based upon the untimely serving of the complaint was filed apparently pursuant to Fed. R.Civ.P. 12(b)(5) (defense to complaint of "insufficiency of service of process"). Fed. R.Civ.P. 4(j), made applicable to adversary proceedings in the bankruptcy court by Fed. R. Bankr.P. 7004(a), provides:

> If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice ... upon motion.[5]

There is no dispute that the Trustee failed to satisfy the 120–day requirement—the defendant, concededly, was served with process 567 days after the Trustee filed the com-

plaint. The defendant contends the "court should find that the [Trustee's] 558 [sic] day delay in serving process on the defendant negates the fact that a complaint was ever filed[, that] [t]he filing of the complaint did not toll the statute of limitations under the circumstances of this case ... [and that] upon a dismissal of the present action the [Trustee] will be barred from refiling its [sic] complaint...." *Defendant's Brief* at 16.

The defendant further argues that under Second Circuit doctrine—citing *Crysen/Montenay Energy Company v. E & C Trading Ltd. (In re Crysen/Montenay Energy Co.)*, 166 B.R. 546, 553 (S.D.N.Y.1994)—the court, in determining whether the Trustee has demonstrated good cause under Rule 4(j), must consider not only "the reasonableness and diligence of plaintiff's efforts to serve" but also "the prejudice to defendants from the delay." *Defendant's Brief* at 8. *See also Gordon v. Hunt*, 116 F.R.D. 313, 321 (S.D.N.Y.1987) *aff'd* 835 F.2d 452 (2d Cir. 1987), *cert. denied*, 486 U.S. 1008, 108 S.Ct. 1734, 100 L.Ed.2d 198 (1988) (lack of prejudice to defendant a pertinent factor in determining whether good cause exists). The defendant filed an affidavit averring, *inter alia*, that as a result of the delay, a material witness is now unavailable due to the witness's death; that Googel and Sisti are unavailable due to their incarceration; that the defendant is unable to effectively defend himself due to his own incarceration; that the defendant was always available to accept service; and that his memory has faded as to events that took place ten years ago. *Defendant's Affidavit* at 2–3.

The Trustee's brief in response to the defendant's motion argues the following alleged circumstances establish good cause under Rule 4(j). Googel and Sisti, up to June 1993, had asserted their Fifth Amendment privileges against self incrimination during the Trustee's investigation of Colonial's business

---

5. Fed. R. Bankr.P. 7004(g) provides that the portion of Rule 4 made applicable by Rule 7004(a) "shall be the subdivisions of [Rule 4] in effect on January 1, 1990, notwithstanding any amendment to [Rule 4] subsequent thereto." Rule 4(j) was amended in 1993 to make dismissal absent good cause discretionary rather than mandatory. *See* Fed.R.Civ.P. 4 1993 Advisory Committee

Note to Rule 4(m) (noting that the amendment to Rule 4(j) "authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown"). Because Rule 7004(g) incorporates Rule 4(j) as in effect on January 1, 1990, dismissal remains mandatory in bankruptcy adversary proceedings, absent good cause.

activities. In June 1993, Googel and Sisti pled guilty to charges brought by the United States of America regarding certain criminal activities. As part of a plea bargain, Googel and Sisti agreed to cooperate with the Trustee's investigation, and also with the United States Attorney in developing facts to support criminal charges against others. The United States Attorney, however, prohibited Googel and Sisti from sharing information with the Trustee concerning persons who were then under investigation by the federal grand jury. Because of the Trustee's concern about relevant statutes of limitation, an agreement was reached among the Trustee, the United States Attorney and Googel to authorize Googel to release confidential information to the Trustee under the terms of a written confidentiality agreement. In this agreement, dated September 13, 1993, Googel agreed to immediately divulge certain information to the Trustee concerning persons subject to the pending grand jury investigation, including the defendant, so that the Trustee could prepare and file complaints. The Trustee, however, could not serve such complaints without Googel's written permission, which permission would, in turn, depend upon the approval from the United States Attorney.

The Trustee, on October 14, 1993, filed an ex parte motion with this court in which he outlined the information set forth in the preceding paragraph, attached a copy of the confidentiality agreement, and requested an order directing the Clerk to accept for filing certain Trustee-prepared complaints and keep them under seal pursuant to Bankruptcy Code § 107(b)(1) [6] and to not allow public examination of such complaints until such time as the Trustee served the complaints. The motion also requested that the Clerk likewise keep the motion and the order, if entered, under seal. This court entered the requested order on October 15, 1993, and the Trustee filed his complaint against the defendant, under seal, on the same date.

On April 14, 1995, Googel's attorney wrote to the Trustee's counsel granting Googel's permission to unseal and serve the complaint naming the defendant. The Trustee, on April 17, 1995, forwarded a copy of the complaint to the defendant's attorney, and on May 5, 1995, served the complaint and summons on the defendant. Following the defendant's conviction on May 17, 1995 of, *inter alia,* receiving bribes from the debtors, the Trustee filed an amended complaint to recite the circumstances of the conviction. The defendant did not object to the filing of the amended complaint.

The Trustee argues that since his hands were tied until he received Googel's consent and, indirectly, the United States Attorney's consent, he was unable to serve the complaint upon the defendant within 120 days from the filing of the complaint, and that those circumstances constitute good cause under Rule 4(j). The Trustee denies that the defendant has been prejudiced by the delay. He asserts that the material witness, who the defendant claimed had died, died on February 11, 1992, twenty months before the complaint was filed. The Trustee contends that the fact that Googel and Sisti, as well as the defendant, are now incarcerated does not mean they are not available for testimony, and refers to Fed.R.Civ.P. 30(a)(2) made applicable to adversary proceedings in the bankruptcy court by Fed. R. Bankr.P. 7030. (Depositions, with leave of court, may be taken of persons confined in prison.) The subject matter of the complaint is essentially the same, the Trustee asserts, as the basis of the defendant's conviction of a criminal offense in the district court. The Trustee argues that the defendant has put forward insufficient facts for the court to conclude that the defendant has been so seriously prejudiced as to warrant dismissal of the complaint.

2.

Neither the parties nor the court have located published rulings dealing with facts at all similar to those present in this proceed-

---

**6.** Section 107(b)(1) provides:

(b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—

(1) protect an entity with respect to a trade secret or confidential research, development, or commercial information;....

11 U.S.C. § 107(b)(1).

ing. There is no issue that the burden to demonstrate good cause for failure to serve rests with the Trustee. *See Ingala v. Sciarretto (In re Sciarretto)*, 170 B.R. 33, 36 (Bankr.D.Conn.1994). The "good cause" exception in Rule 4(j) is not a defined term in the Federal Rules. The legislative history of Rule 4(j) provides only one example of what constitutes good cause—the defendant's evasion of service. *See Cartage Pacific, Inc. v. Waldner (In re Waldner)*, 183 B.R. 879, 881 (9th Cir. BAP 1995). The existence of good cause has, accordingly, been determined on a "case-by-case basis." *Id.* at 882.

The defendant, in his motion to dismiss, while requesting oral argument, did not request a preliminary hearing under Fed.R.Civ.P. 12(d).[7] "In the absence of a request for a preliminary hearing, the determination of defenses simply may be deferred until the trial." 5A Wright & Miller, *Federal Practice and Procedure* § 1373 (2d ed.1990).

The court concludes that the Trustee has proffered responses to the defendant's motion sufficient to defer the determination of the Rule 12(b)(5) defense until trial. If the facts asserted in the Trustee's briefs are proven, he may not be guilty of a lack of diligence in failing to serve the defendant within 120 days. He obtained a prior court order authorizing him to file but not serve the complaint. He submitted justification for such order in that he was restrained from jeopardizing the ongoing investigation of the defendant before the grand jury. The court is also convinced that the issue of prejudice to the defendant resulting from the delay in service is not so obvious as to warrant dismissal of the complaint prior to a trial.

## IV.

### CONCLUSION

The defendant's motion to dismiss the complaint under Rule 12(b)(1) is denied, and

a ruling on the issues raised under Rule 12(b)(5) are deferred to trial. It is

SO ORDERED.

---

7. Fed.R.Civ.P. 12(d) provides:

   (d) Preliminary Hearings. The defenses specifically enumerated (1)—(7) in subdivision (b) of this rule, whether made in a pleading or by motion, and the motion for judgment mentioned in subdivision (c) of this rule shall be heard and determined before trial on application of any party, unless the court orders that the hearing and determination thereof be deferred until the trial.