**Charles M. TONER, Plaintiff,**

v.

**SUFFOLK COUNTY WATER AUTHORITY (a.k.a. S.C.W.A.) Et anon Michael Stevenson, Admin. CEO for the S.C.W.A., Defendants.**

**No. CV 99–7574(DRH)(MLO).**

United States District Court,
E.D. New York.

Feb. 4, 2004.

Charles M. Toner, Saint James, NY, Pro Se.

Putney, Twombly, Hall & Hirson LLP, New York City, By Mark A. Hernandez, for Defendants.

### *MEMORANDUM & ORDER*

HURLEY, District Judge.

On November 19, 1999, Plaintiff initiated this action for damages arising from the purported breach of the Americans with Disabilities Act ("ADA"). On March 26, 2000, a return of service was filed with the Court. This return noted service of the summons upon Defendants but not service of the complaint. A nearly two year delay followed. During this period, Plaintiff did not communicate with the Court. On February 27, 2002, the Court issued an order to show cause why this case should not be dismissed for failure to prosecute. On March 18, 2002, Plaintiff submitted a letter indicating his intent to continue prosecuting this action.

On November 1, 2002, Plaintiff submitted a request to enter default against Defendants. On November 20, 2002, the Court issued a

---

memorandum and order denying this request because there was no evidence that the complaint had ever been served upon Defendants. On December 13, 2002, Plaintiff submitted a return of service indicating that the complaint was served upon Defendants on December 11, 2002.[1] Thereafter, Defendants submitted the instant motion to dismiss the complaint for failure to effect timely service of process. The Court received the instant motion fully briefed on July 25, 2003.

Under Federal Rule of Civil Procedure 4(m), plaintiff had 120 days from filing of the complaint—on November 19, 1999—to serve the named defendants. *See* Fed. R.Civ.P. 4(m). It is undisputed that Plaintiff failed to effect proper service until at least December 11, 2002. *See* Fed.R.Civ.P. 4(c)(1) (indicating that proper service contains both the summons and the complaint). This represents a delay of more than three years. While Rule 4(m) provides that the Court should extend the time for service for an appropriate period if Plaintiff shows good cause for the delay, Plaintiff has failed to articulate any reason to justify the three year delay following the initiation of this action. The Court is aware that the requirements under 4(m) are often lessened when faced with a pro se litigant. *See Sullivan v. Newburgh Enlarged School Dist.*, 281 F.Supp.2d 689, 702 (S.D.N.Y.2003). However, when presented with no excuse for the delay, the Court cannot find that the requisite good cause has been shown. *See id.* at 702–703.

In the instant case, Plaintiff indicates that his "opposition is the same as [his] complaint." *See* Plaintiff's July 1, 2003, Opp. Letter. Plaintiff also indicates that he later cured service of process by serving Defendants' attorney at the March 28, 2003, pre-motion conference. Notably, Plaintiff does not allege a single reason for the delay, let alone good cause. Therefore, the Court concludes that Plaintiff has failed to satisfy the requirements of Rule 4(m). Since dismissal is mandatory where good cause has not been

shown, this failure constitutes grounds for dismissal of the complaint. *See Frasca v. United States*, 921 F.2d 450, 453 (2d Cir. 1990).

Defendants claim that the dismissal for failure to comply with Rule 4(m) should be with prejudice. *See* Defendants' Mem. at 5. In support of this proposition Defendants cite *Frasca*, 921 F.2d at 453. In that case, the Second Circuit held:

> The 120 days [provided by Rule 4(m)] runs from the filing of the complaint, and the statute of limitations for the underlying claim is tolled during that period. If service is not complete by the end of the 120 days, however, the governing statute of limitations again becomes applicable, and the plaintiff must refile prior to the termination of the statute of limitations period.

*Id.*

Therefore, in accordance with Second Circuit law, the statute of limitations began running again 120 days after the filing of the complaint. After receipt of the right to sue letter from the EEOC, the ADA applies Title VII's ninety-day statute of limitations in which an action must be commenced. *See* 42 U.S.C. § 12117(a) (incorporating 42 U.S.C. § 2000e–5(f)(1)). Generally, the time to sue runs from the date a claimant actually receives the right to sue notice. *See Zachery v. Whalen*, 93–CV–36, 1994 WL 411526 at *2 (N.D.N.Y. July 26, 1994). Upon the submitted papers, it is unclear precisely when Plaintiff received his letter. Nonetheless, it is clear that the ninety-day period expired at some point during the three year delay. It is also clear that the ninety-day limitation is a strict one: "in the absence of a recognized equitable consideration, the court cannot extend the limitations period by even one day." *Johnson v. AL Tech Specialties Steel Corp.*, 731 F.2d 143, 146 (2d Cir.1984).

Once again, Plaintiff has failed to proffer any reason why the statute of limitations should be tolled. In the absence of any equitable argument by Plaintiff, and upon the

---

1. Defendants dispute whether service was made of the original complaint. Instead. Defendants contend that service was made of some other document that was never filed with the Court. The Court does not resolve this dispute in the context of the instant motion. Instead the Court assumes arguendo that proper service of process was effected on December 11, 2002.

uncontroverted procedural history, the Court concludes that the statute of limitations on Plaintiff's ADA claim has run. Thus, dismissal with prejudice is appropriate.

For the foregoing reasons, the Court GRANTS Defendants motion to dismiss the complaint for failure to timely effect service. Due to the expiration of the relevant statute of limitations, this dismissal is WITH PREJUDICE. The Clerk of Court is directed to CLOSE this case.

The Court is aware that this constitutes a severe outcome for Plaintiff. However, Plaintiff, who is proceeding pro se, received due notice of this motion and still failed to provide the Court with any arguments, equitable or otherwise, that addressed the merits of this motion. In the absence of any such argument, the Court is compelled by both the law and the undisputed procedural facts to reach this outcome.

**SO ORDERED.**